

**NEW YORK CITY HOUSING AUTHORITY
LAW DEPARTMENT**
250 BROADWAY • NEW YORK, NY 10007

http:/nyc.gov/nycha

**STANLEY BREZENOFF**
Interim Chair & CEO

**KELLY D. MACNEAL**
EVP of Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 776-5259

December 20, 2018

*Via ECF*
The Honorable Judge Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

Re:   *Colon v. The City of New York, et al.*, No. 16-CV-4540
      *Williams v. The City of New York, et al.*, No. 16-CV-8193

Dear Judge Broderick:

    I am counsel for Defendants New York City Housing Authority ("NYCHA"), Michael Kelly, and Brian Clarke (collectively, "the NYCHA Defendants") in the above-referenced matters, which have been consolidated for pre-trial purposes.

    The NYCHA Defendants and Plaintiff Sibyl Colon respectfully seek the Court's assistance in resolving two discovery disputes specific to the *Colon* matter, No. 16-CV-4540. Marcel Florestal, counsel for Plaintiff Colon, and I met and conferred regarding the disputed discovery issues in person for ten minutes on November 30, 2018, after a conference in another matter at the United States District Court, Southern District of New York; over the telephone on December 19, 2018 for ten minutes; and in emails exchanged between November 27, 2018 and December 13, 2018.

1. **Plaintiff refuses to produce tax returns from August 28, 2015, the date of her resignation from NYCHA, to the present, and 1099-R Forms for the distribution of retirement benefits in 2017 and 2018.**

   <u>**The NYCHA Defendants' Argument:**</u>

       Plaintiff is a former NYCHA managerial employee who resigned from NYCHA on August 28, 2015. In the Complaint, Plaintiff alleges that she was demoted and constructively discharged in retaliation for her failure to transfer the Mill Brook Houses Manager to another NYCHA development. *See* Complaint ("Compl.") at ¶¶ 54-60. Plaintiff's alleged damages include loss of past and future

1

earnings, unspecified employment benefits, and emotional distress. *See id.* at ¶¶ 64, 67, 70, 81, 91.[1] During Plaintiff's New York General Municipal Law Section 50-h examination taken on November 23, 2015, Plaintiff testified she was planning on retiring from NYCHA at age sixty-two and instead resigned at age fifty-three. Plaintiff further testified that as a result of retiring earlier than she had originally planned, her pension will be reduced.

The NYCHA Defendants therefore seek discovery regarding Plaintiff's mitigation of her damages, as well as discovery regarding retirement and other employment-related distributions and benefits arising out of Plaintiff's NYCHA employment. The NYCHA Defendants' Document Demand No. 16 requests: "All documents and communications concerning all earned or unearned income received by Plaintiff from August 28, 2015 to the present, including copies of federal, state and local tax returns, W-2 forms, 1099 forms, and all documents that reflect the transfer of funds to Plaintiff, including private or governmental transfers, payments for services rendered, disability benefits, pension benefits, workers' compensation benefits, or benefits of any kind."

In response to Demand No. 16, Plaintiff objected "upon the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine," and further stated that Plaintiff would produce responsive documents "to the extent they are not so protected." Plaintiff made a limited document production consisting of a W-2 Wage and Tax Statement from NYCHA for the year 2015; W-2 Wage and Tax Statements from a different entity for the years 2016 and 2017; and two 1099-R Forms for the distribution of retirement and other benefits for the year 2016. However, Plaintiff failed to produce any tax returns and refuses to do so. Furthermore, Mr. Florestal advised me that Plaintiff mistakenly produced the two 1099-R Forms for 2016, and Plaintiff refuses to produce 1099-R Forms for 2017 or 2018. It is unclear whether Plaintiff has 1099-R Forms for 2015.

"[T]he Supreme Court and the lower federal courts have consistently held that claimants in employment discrimination cases are required to minimize their damages by using reasonable diligence to find other suitable employment, and have required the offset of earnings against lost wages in determining back pay awards." *United States v. Interamerican College of Physicians and Surgeons, Inc.*, 1999 WL 81347, at *2 (S.D.N.Y. Oct. 12, 1999). Furthermore, it is well-established that a court may order disclosure of tax returns, which are not absolutely privileged. *See St. Regis Paper Co. v. United States*, 368 U.S. 208, 218-19 (1961); *see also* 26 U.S.C. § 7216(b). A court will order disclosure of tax returns when "(1) the returns are relevant to the subject matter of the action and (2) there is a '"compelling need for the returns because the information contained therein is not otherwise readily available."'" *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, 2007 WL 1521117, at *7 (S.D.N.Y. May 24, 2007) (citations omitted).

Plaintiff's tax returns are clearly relevant to the issue of lost earnings and probative of her obligation to mitigate her damages, and the returns are not otherwise readily available to the NYCHA Defendants. Moreover, the W-2s produced by Plaintiff may not reflect her actual earnings since her resignation from NYCHA on August 28, 2015. Indeed, Plaintiff herself suggests that she has other sources of income, as she states below, "Plaintiff's 1040 contains information that is not material to this case, Defendant NYCHA is not entitled to and Plaintiff is entitled to keep private." The NYCHA Defendants do not know the standard of "materiality" upon which Plaintiff bases this statement or why additional income listed on a tax return would not be "material" to Plaintiff's damages and duty to

---

[1] As a result of the Court's March 26, 2018 Opinion & Order, the remaining claims in this action consist of Plaintiff's first, second, and third claims of retaliation against NYCHA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law §296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.*; Plaintiff's fifth claim against Defendants Kelly and Clarke under 42 U.S.C. § 1983; and Plaintiff's eighth claim for aiding and abetting against Defendants Kelly and Clarke under the NYSHRL.

mitigate. *Cf. Rahman*, 2007 WL 1521117, at *8 ("it is possible that the plaintiff's tax returns will provide more accurate information than his W-2 forms regarding his income. . .").

Likewise, Plaintiff's 1099-R Forms showing retirement benefits and distributions are also relevant to Plaintiff's damages. Plaintiff testified at her New York General Municipal Law Section 50-h examination that as a result of leaving NYCHA prematurely, her pension was reduced. Plaintiff's 1099-R Forms are therefore relevant to damages arising out of her alleged constructive discharge.

Accordingly, the NYCHA Defendants respectfully request that the Court order Plaintiff to produce her tax returns from 2015 to the present. If Plaintiff does not have copies of the tax returns, the NYCHA Defendants respectfully request that the Court order Plaintiff to complete IRS Form 4506, "Request for Tax Return," and New York State Department of Taxation and Finance Form DTF-505, "Authorization for Release of Photocopies of Tax Returns and/or Tax Information," for the years 2015 to the present and name the NYCHA Defendants' counsel as designee. The NYCHA Defendants further request that the Court order Plaintiff to produce all 1099-R Forms from 2015 to the present.

**Plaintiff's Argument:**

Your honor Plaintiff objects to Defendant NYCHA's request for tax returns on the grounds of relevance, and redundancy. Plaintiff has provided Defendant NYCHA with all W-2's evidencing her work record and duty to mitigate damages post her constructive termination from NYCHA. We believe that Defendant NYCHA's request for tax returns is overreaching, will not provide them with a shred of evidence more than the W-2's that we have already provided. Moreover, Plaintiff's 1040 contains information that is not material to this case, Defendant NYCHA is not entitled to and Plaintiff is entitled to keep private.

2. **Plaintiff refuses to identify the physician(s) or health care professional(s) who evaluated or treated her for post-traumatic stress disorder, depressive disorder, or any other psychological or emotional condition, disorder, or symptom occurring during her worker's compensation leave from NYCHA between 2003 and 2009 or to allow the NYCHA Defendants to obtain those medical records.**

**The NYCHA Defendants' Argument:**

As shown in Plaintiff's personnel file, which was produced by the NYCHA Defendants on November 7, 2018, Plaintiff was on workers' compensation leave from her employment between 2003 and 2009. In 2006, Plaintiff amended her workers' compensation claim to include "consequential post-traumatic stress disorder and depressive disorder." Psychotherapy was authorized for this claim.

Because Plaintiff alleges that she "suffered and continues to suffer" "severe and lasting" "emotional and mental pain, and physical manifestations therefrom" (Compl. at ¶¶ 64, 67, 70, 81, 91), the NYCHA Defendants served Interrogatory No. 12 requesting that Plaintiff: "Identify any physician or health care professional, including mental health professional, who evaluated or treated Plaintiff for post-traumatic stress disorder, depressive disorder, or any other psychological or emotional condition, disorder, or symptom occurring during Plaintiff's workers' compensation leave from NYCHA between 2003 and 2009, and provide each person's name, last known business address, and telephone number." The NYCHA Defendants also served a document demand requesting that for each individual identified in Interrogatory No. 12, Plaintiff provide a duly executed authorization (which was attached to the document demands) to enable NYCHA to obtain Plaintiff's Medical Record, including but not limited to Alcohol/Drug Treatment, Mental Health Information and HIV-Related Information.

3

In response to these discovery requests, Plaintiff served the following objection: "Plaintiff objects to this demand on the ground that it is overly broad unduly vague and seeks information beyond the permissible scope of discovery." Plaintiff otherwise refused to respond to Interrogatory No. 12 or serve executed medical authorizations as requested by the document demand.

Given that Plaintiff has placed her psychological state directly at issue as a component of her damages, Plaintiff's treatment for past psychological treatment is relevant and discoverable. Courts in the Second Circuit have held that when a plaintiff puts her mental state at issue, defendant has a right to discovery of the plaintiff's past psychotherapy records to "enable defense counsel to attempt to show that a plaintiff's emotional distress was caused at least in part by events and circumstances other than those at issue in the immediate case." *Green v. St. Vincent's Medical Center*, 252 F.R.D. 125, 128 (D. Conn. 2008) (citation omitted); *see also Sidor v. Reno*, 1998 WL 164823, at *2 (S.D.N.Y. April 7, 1998) ("'Defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related.'") (citation omitted).

Here, Plaintiff's medical records evidencing her past psychotherapy treatment could have bearing on her allegations of emotional and mental distress in this case. For example, if there are other sources for Plaintiff's psychological distress, such as an underlying medical condition or non-work-related factors, this information would assist the NYCHA Defendants in showing that Plaintiff's condition is not attributable, or not wholly attributable, to the alleged events in this case.

Accordingly, the NYCHA Defendants respectfully request that the Court order Plaintiff to respond to Interrogatory No. 12 and provide the NYCHA Defendants with executed medical authorizations so they may obtain Plaintiff's medical records corresponding to the healthcare providers listed in her response to Interrogatory No. 12.

**Plaintiff's Argument:**

Your Honor, Plaintiff Sibyl Colon Objects to Defendant NYCHA's interrogatory and document demand for her worker's compensation treatment for post-traumatic stress disorder, depressive disorder, and other psychological conditions and disorders, if any, for the period ranging from 2003 – 2009, on the grounds of materiality and relevance, and not reasonably calculated to lead to any admissible and relevant information.

What's relevant here is that Plaintiff's claims arise from incidents occurring in 2015. Plaintiff claims emotional injury for the 2015 incidents and have provided Defendants with a signed HIPAA form for medical treatment for 2015 through end of litigation. Any emotional injury that Plaintiff may have suffered prior to 2015, is irrelevant to the ultimate issues of injury and liability, as New York follows the "eggshell plaintiff" rule. Thus, Defendants must take Plaintiff as they find her, preexisting conditions, if any, and all.

Respectfully submitted,

*Jane E. Lippman*

Jane E. Lippman

cc: Marcel Florestal, Esq. (via ECF)
    John Corbin Carter, Esq. (via ECF)

4