

# FLORESTAL LAW FIRM, PLLC

### 48 Wall Street, Suite 11, Manhattan, NY 10005

December 20, 2018

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

**Re: Sibyl Colon v. The City of New York, et al. 16-CV-04540**

Dear Judge Broderick:

The Florestal Law Firm, PLLC is counsel to Sibyl Colon ("Plaintiff" or "Ms. Colon"), in the above referenced matter. Pursuant to your Honor's Individual Rule 3 and after conferring with a clerk in your Chambers, Plaintiff submits this letter through the ECF system in response to NYCHA Defendants' joint letter dated December 20, 2018.

NYCHA Defendants and Plaintiff are seemingly at odds as to what information is material and necessary to support Plaintiff's obligation to mitigate damages. By way of background, Plaintiff's attorney is also a CPA and thus, is very familiar with the various tax forms. NYCHA Defendants are requesting information that is irrelevant to the issue of mitigating damages, and not the best source to inform them on Plaintiff's work history and wages earned post her constructive discharge. While form 1040 provides information regarding one's earned wages for a certain period in time, it also provides a lot of information that is irrelevant for purposes of establishing whether or not Plaintiff mitigated her damages. For example, line 7 of form 1040 is titled "Wages, salaries, tips, etc., Attach form(s) W-2". We have provided Defendants with all relevant form W-2s. Line 7 is the only line that is relevant for NYCHA Defendants' purposes, as it reflects Plaintiff's earned income for a certain period in time and substantiates her claim of mitigating damages. It is noteworthy that Plaintiff is not a business owner, nor does she claim to have rental income and thus, has not provided NYCHA Defendants with any 1099's reflecting such.

Also, NYCHA Defendants blatantly mischaracterize Plaintiff by stating, "[i]ndeed Plaintiff herself suggest that she has other sources of income, as she states below, "Plaintiff's 1040 contains information that is not material to this case, Defendant NYCHA is not entitled to and Plaintiff is entitled to keep private."" For the record, Plaintiff has never suggested that she had other sources of income and the above statement is a blatant attempt to mischaracterize Plaintiff.

Moreover, NYCHA Defendants, unexplainably, are requesting form 1099-R.  Form 1099-R is titled Distributions from Pensions, Annuities, Retirement, or Profit Sharing Plans.  As the name suggests, this form gives information about distributions from pensions, and retirement plans, not wages earned for a certain period in time.  NYCHA Defendants fail to make a credible argument as to how information about Plaintiff's pension distributions would assist them in ascertaining whether Plaintiff met her obligations to mitigate damages.  Indeed, to be consistent, Plaintiff inadvertently provided NYCHA Defendants with 1099-R's previously and would like to claw them back.

Lastly, NYCHA Defendants are requesting medical records that predate our claims by one dozen years, asserting that they may be able to prove Plaintiff's underlying medical condition should not be attributed, or not "wholly attributable" to the alleged events in this case.

That reasoning is flawed and irrelevant.  As mentioned in our joint letter, New York follows the "eggshell plaintiff" rule, whereby a Defendant is liable for a Plaintiff's injuries regardless of whether the Plaintiff had an underlying condition that may have contributed to the injury.  You take a Plaintiff as you find them is the law in New York.

Accordingly, this Court should decline NYCHA Defendants' request for a hearing on the above matter, and not grant them relief to their discovery demands.

                Respectfully,

                /s/ Marcel Florestal, Esq.

Cc: Jane E. Lippman, Esq. (via email)
    John C. Corbin, Esq. (via email)