

**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
250 BROADWAY • NEW YORK, NY 10007

http:/nyc.gov/nycha

**KATHRYN GARCIA**
Interim Chair & CEO

**KELLY D. MACNEAL**
EVP of Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 776-5259

March 1, 2019

*Via ECF*
The Honorable Magistrate Judge Ona T. Wang
United States District Court
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Colon v. The City of New York, et al.*, No. 16-CV-4540
            *Williams v. The City of New York, et al.*, No. 16-CV-8193

Dear Magistrate Judge Wang:

    I am counsel for Defendants the New York City Housing Authority, Michael Kelly, and Brian Clarke (collectively, "the NYCHA Defendants") in the above-referenced consolidated matters.

    Pursuant to the Court's February 25, 2019 Order and the Court's Individual Practices, the parties respectfully submit a joint proposed agenda in anticipation of the discovery conference on March 6, 2019. Counsel for Plaintiffs, Marcel Florestal, objected to submission of the joint proposed agenda on letterhead from any party. Accordingly, the joint proposed agenda is attached hereto. The joint agenda primarily reflects the issues raised in the NYCHA Defendants' February 13, 2019 letter-motion to the Court, along with several other issues that arose after the filing of the letter-motion.

                                              Respectfully submitted,

                                              Jane E. Lippman

cc: All counsel (via ECF)

Kelly D. MacNeal, EVP of Legal Affairs and General Counsel • Law Department 9th Floor • Telephone (212) 776-5182 • Fax (212) 776-5009

<u>AGENDA FOR MARCH 6, 2019 CONFERENCE</u>
<u>BEFORE MAGISTRATE JUDGE ONA T. WANG</u>

1. **Plaintiff Colon's obligation to produce documents responsive to the NYCHA Defendants' Document Demand No. 16, which will be subject to a protective order.**

   <u>The NYCHA Defendants' Position</u>
   As set forth in the NYCHA Defendants' February 13, 2019 letter to the Court (docket entry no. 65), at the February 6, 2019 discovery conference, the Court ordered Plaintiff Colon to produce all documents responsive to Document Demand No. 16, subject to a protective order to be negotiated by the parties and so-ordered by the Court. It is Plaintiff's position that the Court required only the production of Form 1040s in response to Demand No. 16. Until this issue is resolved, the parties cannot submit a protective order for the Court's review, as the scope of information that will be produced and deemed confidential under that order is disputed.

   <u>Plaintiff' Colon's Position</u>
   Plaintiff has informed NYCHA that Plaintiff would produce the Form 1040's with a protective order. Plaintiff has also informed NYCHA that the issue of the 1099-R's is moot, as there are no 1099-R's. NYCHA is engaging in hyperbole, as there is absolutely nothing else to turn over, and any suggestion that there is anything else is not rooted in fact, or any statements made by Plaintiff.

2. **Plaintiff Colon's obligation to respond to the NYCHA Defendants' Interrogatory No. 12 and corresponding document demand seeking executed HIPAA releases.**

   Plaintiff Colon will not agree to disclose the identities of the physician or health care professionals who evaluated or treated her for psychological symptoms or disorders occurring during her workers' compensation leave from NYCHA from 2003 to 2009, and the release of associated medical records, even with a protective order. Therefore, pursuant to the Court's February 6, 2019 Order, on February 19, 2019, the NYCHA Defendants filed a letter-brief addressing the permissible scope of discovery of this information (docket entry no. 66), and Plaintiff filed a letter-brief on February 20, 2019 (docket entry no. 67).

3. **Whether Plaintiff Colon's Subpoena Ad Testificandum and Duces Tecum to former NYCHA employee Luis Ponce, who is also Mr. Florestal's former client, is proper.**

   <u>The NYCHA Defendants' Position</u>
   The NYCHA Defendants have multiple concerns regarding a subpoena ad testificandum and duces tecum Plaintiff Colon served on Luis Ponce, a former NYCHA employee and Mr. Florestal's former client. First, it is unclear whether Mr. Florestal can depose Mr. Ponce without intentionally or unintentionally using information gained during the attorney-client relationship and without obtaining a waiver from Mr. Ponce, if he is willing to give one. Second, Mr. Florestal has served several versions of the subpoena for Mr. Ponce, and the list of documents

1

sought pursuant to the subpoena differs from version to version. Therefore, the NYCHA Defendants are uncertain which documents Plaintiff Colon seeks to obtain from Mr. Ponce. Furthermore, it appears that at least some of the documents sought in all versions of the subpoena are proprietary NYCHA documents and not Mr. Ponce's personal documents. Demands for these documents therefore should be directed to NYCHA and not to Mr. Ponce.

Plaintiff Colon's Position

Mr. Florestal's prior representation of Mr. Ponce in connection with Mr. Ponce's retirement and severance from NYCHA has no bearing whatsoever on either the Colon or Williams litigation. None of the facts, information or issues pertaining to that prior representation are relevant in any way to the Colon or Williams matters, and Mr. Florestal has no intention of revealing, disclosing or otherwise referring to any facts, information or issues pertaining to his prior representation of Mr. Ponce. Moreover, N.Y. Rule of Prof. Conduct 1.9(a), upon which NYCHA relies, refers to a "person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." This provision has no application here. Finally, NYCHA has no standing to assert this objection. *See Satina v. New York City Human Resources Admin.*, 2015 WL 6681203 at *3 (S.D.N.Y.) ("'No case has been called to our attention, and we are aware of none, in which an attorney has been disqualified on grounds of conflicting prior representation solely at the behest of a person other than the former client or its privy . . . . '[A]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.'") (*quoting from United States v. Cunningham*, 672 F.2d 1064, 1072 (2d Cir. 1982)).

Furthermore, Plaintiff has reviewed the deposition and subpoena notices pertaining to Mr. Ponce, and does not understand why NYCHA should have any "uncertainty" regarding the documents plaintiff seeks. Plaintiff served an Amended Notice of Deposition on Mr. Ponce and upon NYCHA, which amended one of the categories of documents sought that may be in Mr. Ponce's possession in response to an objection asserted by NYCHA. Plaintiff is amenable to reserving both parties with similar documents after this Court has rendered its decision on the discovery issues in this matter.

Lastly, the request for production seeks documents that may be in Mr. Ponce's possession, not in NYCHA's possession. If they are NYCHA documents, certainly NYCHA can make whatever appropriate objections it may have to such documents. We note, however, that among the items requested are "personal diaries" maintained by Mr. Ponce that may be relevant to the pending litigation. It is an open question whether any such diaries belong to Mr. Ponce or to NYCHA.

### 4. Disputed topics in Plaintiff Colon's FRCP 30(b)(6) deposition notice

The NYCHA Defendants' Position

Topics 17, 19, and 20 in Plaintiff Colon's FRCP 30(b)(6) notice seek a witness to testify regarding a one-on-one conversation Plaintiff Colon had with another NYCHA employee or former employee in 2015. These topics are inappropriate for a 30(b)(6) deposition, as they go to the knowledge of an individual employee rather than the knowledge of NYCHA. Topic 18, which requests a witness to testifying regarding "Janet Abrahams' performance in Sibyl Colon's former role," is irrelevant. Plaintiff Colon resigned from NYCHA on August 28, 2015, and Janet

Abrahams commenced her NYCHA employment in late September 2015. Topics 13 and 21 concern subjects for which the NYCHA Defendants have no knowledge or information: an alleged Inspector General's investigation of Allison Williams, and an alleged meeting on August 28, 2015 attended by Brian Clarke, Allison Williams, and others. However, Mr. Florestal insists that NYCHA must produce witnesses to testify regarding events of which they have no record or knowledge. The NYCHA Defendants' only obligation is to produce a witness to testify regarding "information known or reasonably available to [NYCHA]." FRCP 30(b)(6).

### Plaintiff Colon's Position

Plaintiff's 30(b)(6) notice seeks NYCHA's knowledge of any and all categories of information listed in that notice. NYCHA either has knowledge or information about the conversations referenced in topics 17, 19 and 20 or it does not. It is NYCHA's burden to check its records and the knowledge of its employees regarding those topics. Thus, these topics are fully appropriate for a 30(b)(6) deposition. NYCHA's contention that it has no knowledge regarding topics 13 and 21 does not excuse its obligation pursuant to 30(b)(6) to produce a 30(b)(6) witness that can make that assertion at the deposition, following an investigation of pertinent documents and persons. *See Klorczyk v. Sears, Roebuck & Co.*, 2015 WL 160029 at *5 (D. Conn. 2015) ("If Shinn Fu America *genuinely* does not have knowledge on these topics, its designated witness should be prepared to testify concerning the company's efforts to obtain this information and why it lacks sufficient knowledge to testify concerning topics 9, 10, 11 and 13.") (italicization in original); *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 227 F.R.D. 676, 690 (S.D. Fla. 2012) ("Phrased differently, the lack of knowledge answer is itself an answer which will bind the corporation at trial.")

As regards topic 18, the fact that Ms. Abrahams commenced her employment after Ms. Colon's constructive discharge is irrelevant. As alleged in paragraph 57 and 59 of the Complaint, NYCHA told Ms. Colon that she was not being removed from her position as Director of OPMD due to her performance, but rather because NYCHA was bringing in Ms. Abrahams; however, in fact, Ms. Colon was replaced in her position by a former subordinate, not by Ms. Abrahams. Thus, it is wholly appropriate and relevant to ascertain whether the work duties Ms. Abrahams performed upon her employment were the same as those previously performed by Ms. Colon.

5. **Additional recent discovery disputes**

### Plaintiff Williams' Responses to the NYCHA Defendants' First Set of Demands for Discovery and Inspection and First Set of Interrogatories

In response to the NYCHA Defendants' document demands Nos. 15 and 16, which seek relevant audio, video, or any other recording relating to the Amended Complaint or any conversation Plaintiff had with any individual named in the Amended Complaint, Plaintiff Williams objected solely on the grounds that Plaintiff never filed an Amended Complaint. Counsel explained to Mr. Florestal that the docket does in fact show an Amended Complaint was filed and requested a substantive response to demands Nos. 15 and 16 – which counsel never received.

In response to the NYCHA Defendants' document demand No. 21, which seeks all documents and communications to or from the New York City Employees Retirement

3

("NYCERS") system, including but not limited to any application for retirement benefits, Plaintiff Williams objected on the grounds of privilege and that any responsive documents are equally accessible to NYCHA and/or are already in their possession and control. Counsel explained to Mr. Florestal that NYCERS is a separate agency from NYCHA, and NYCHA does not have access to NYCERS documents and does not already have the requested documents. However, Plaintiff Williams has not served any responsive documents.

Furthermore, because Plaintiff Williams claims "severe and lasting embarrassment, humiliation, emotional and mental pain loss of enjoyment of life, loss of self-esteem" (Am. Compl. at ¶¶ 40, 43, 46, 49, 53, 59, 62, 65, 68), the NYCHA Defendants' Interrogatory No. 9 asks Plaintiff Williams to, "Identify any physician or healthcare professional, including mental health professional, who has evaluated or treated Plaintiff since January 1, 2013, and provide each person's name, last known business address, and telephone number. The NYCHA Defendants served a corresponding document demand seeking executed HIPAA releases for the identified healthcare providers. In response to these discovery requests, Plaintiff responded that the information and documents sought are "irrelevant." The NYCHA Defendants seek this information for purposes of determining potential alternative causation for Plaintiff Williams' emotional distress.

### Plaintiff Williams's Position
Plaintiff has made her position clear that she is not seeking other than "garden variety" emotional distress. Plaintiff has previously responded in the negative to NYCHA Defendants' interrogatory regarding whether she sought medical attention for her emotional distress.

### 6. NYCHA's *Ex Parte* Communications & Mischaracterizations

### Plaintiffs' Position
By letter dated February 21, 2019, Plaintiffs' counsel expressed great concern over the NYCHA Defendants' *ex parte* communications with Chambers. In what Plaintiffs perceived to be an effort to influence the discovery process, the NYCHA Defendants admonished Plaintiffs to not move forward with a scheduled deposition and stated that according to a clerk they had spoken with the judge would render a decision at a particular time and NYCHA Defendants already knew what the decision would be. These *ex parte* communications appear to be a gross violation of the Court's Individual Rules, puts Plaintiffs at a clear disadvantage, and the parties request guidance on this matter.

### The NYCHA Defendants' Position
Mr. Florestal grossly mischaracterizes a conversation counsel had with the Court's clerk on February 21, 2019 regarding the status of the letter-motion. This conversation is memorialized in an email to Mr. Florestal on February 21, 2019, which counsel sent immediately after the conversation with the Clerk. Counsel will bring this email to the conference on March 6, 2019 so the Court may verify Mr. Florestal's false statements above that counsel "stated that according to a clerk they had spoken with the judge would render a decision at a particular time and NYCHA Defendants already knew what the decision would be." The email plainly makes no such representations.

Mr. Florestal failed to respond to counsel's February 13, 2019 letter- motion and instead

attempted to re-schedule Mr. Ponce's deposition several times times. Accordingly, on February 21, 2019, counsel called the Court's Clerk to inquire as to the status of the February 13, 2019 letter-motion and the scheduling of a conference. The Clerk stated that the Court would schedule a conference shortly to address the issues raised in the letter-motion, including Mr. Ponce's deposition, which would be held in abeyance until after the Court had decided the matter.

    I then emailed Mr. Florestal, relayed my conversation with the Clerk, and asked him to refrain from scheduling Mr. Ponce's deposition until after the discovery conference with the Court. Mr. Florestal insisted that counsel's conversation with the Court's clerk regarding the status of the letter-motion was an "ex parte communication" with the Court and a "blatant violation of the rules." I attempted to explain to Mr. Florestal that an inquiry to a Clerk regarding the status of a letter-motion or scheduling is not an ex parte communication with the Court. However, Mr. Florestal inappropriately emailed the Court to complain regarding counsel's conversation with the Clerk.