UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SIBYL COLON,                                                :
                                                            :
                                      Plaintiff,            :
                                                            :           16-CV-4540 (VSB)
                    - against -                             :
                                                            :           **OPINION & ORDER**
THE CITY OF NEW YORK, NEW YORK          :
CITY HOUSING AUTHORITY, NEW YORK        :
CITY COUNCIL SPEAKER MELISSA            :
MARK-VIVERITO, MICHAEL KELLY, and       :
BRIAN CLARKE,                                               :
                                                            :
                                      Defendants.           :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ____3/22/2019____

Appearances:

Marcel Florestal
Florestal Law Firm, PLLC
New York, New York
*Counsel for Plaintiff*

Jane Elizabeth Lippman
Donna Marie Murphy
New York City Housing Authority
New York, New York
*Counsel for Defendants NYCHA, Michael Kelly, and Brian Clarke*

John Corbin Carter
Heather Marie Martone
New York City Law Department
New York, New York
*Counsel for Defendants the City of New York and*
*New York City Council Speaker Melissa Mark-Viverito*

VERNON S. BRODERICK, United States District Judge:

        Before me is Plaintiff Sibyl Colon's ("Plaintiff") motion for reconsideration pursuant to

Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern

Districts of New York.  (Doc. 44.)  Plaintiff requests that I vacate that portion of my March 26, 2018 Opinion & Order that dismissed the claim against Defendant New York City Council Speaker Melissa Mark-Viverito[1] for aiding and abetting under New York State Human Rights Law, N.Y. Exec. L. § 296(6) ("§ 296(6)").  (*Id.*)  Because I failed to consider a controlling decision, Plaintiff's motion for reconsideration is GRANTED.

## I.      <u>Procedural History</u>[2]

Plaintiff commenced this action by filing her complaint on June 17, 2016, alleging:  (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 *et seq.*; (2) hostile work environment based on age, race, and gender; (3) violation of 42 U.S.C. § 1983; (4) violation of 42 U.S.C. § 1985; (5) First Amendment retaliation; (6) aiding and abetting; (7) violation of her Fourteenth Amendment due process rights; and (8) intentional infliction of emotional distress.  (Doc. 1.)  On December 12, 2016, Defendants New York City Housing Authority ("NYCHA"), Michael Kelly, and Brian Clarke (collectively, "NYCHA Defendants"), filed a motion to dismiss.  (Docs. 24–26.)  On the same day, Defendants City of New York (the "City") and former New York City Council Speaker Melissa Mark-Viverito (the "Council Speaker," and together with the City, "City Defendants"), also filed a motion to dismiss.  (Docs. 27–29.)  Plaintiff filed her opposition to both motions on January 26, 2017.  (Doc. 34.)  The NYCHA Defendants filed a reply on February 8, 2017, (Doc. 35), as did the City Defendants, (Doc. 36).  Plaintiff submitted a letter supplementing the case law relevant to my consideration

---

[1] Melissa Mark-Viverito was Council Speaker at the time the Complaint was filed.  (*See* Doc. 1, ¶ 9.)

[2] A detailed procedural history and factual background of this case is included in my March 26, 2018 Opinion & Order, (Doc. 43).

of the motions on May 9, 2017, (Doc. 37), and the City Defendants submitted their response on May 11, 2017, (Doc. 38).

On March 26, 2018, I filed an Opinion & Order, granting in part and denying in part the NYCHA Defendants' motion to dismiss, and granting the City Defendants' motion to dismiss in its entirety. (Doc. 43.) On April 9, 2018, Plaintiff filed a motion for reconsideration, requesting that I vacate the Opinion & Order to the extent that it dismissed the claim against the Council Speaker for aiding and abetting under New York State Human Rights Law, N.Y. Exec. L. § 296(6). (Doc. 44.) The Council Speaker filed her opposition on April 23, 2018, (Doc. 50), and Plaintiff filed her reply on May 4, 2018, (Doc. 55).

## II.  **Legal Standards**

Motions for reconsideration are considered under Local Civil Rule 6.3. The standard for reconsideration under Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The NYSHRL provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." N.Y. Exec. L. § 296(6). "It is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting." *DeWitt v. Lieberman*, 48 F. Supp. 2d 280, 293 (S.D.N.Y. 1999) (quoting *Murphy v. ERA United Realty*, 674 N.Y.S.2d 415, 417 (2d Dep't 1998)). The New York Court of Appeals has held that § 296(6) "extends liability to persons and entities beyond joint employers, and this provision should be construed broadly." *Griffin v. Sirva, Inc.*, 29 N.Y.3d

174, 187 (2017). "The same standards of analysis used to evaluate aiding and abetting claims under the NYSHRL apply to such claims under the NYCHRL because the language of the two laws is virtually identical." *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004) (internal quotation marks omitted).

### III. Discussion

Plaintiff argues that the New York Court of Appeals' decision in *Griffin v. Sirva*, 29 N.Y.3d 174, is a controlling decision that was not addressed in my Opinion & Order, and that, under *Griffin*, § 296(6) is applicable to the Council Speaker. I failed to consider *Griffin* in my Opinion & Order, and for the reasons that follow I find that § 296(6) is applicable to the Council Speaker.

The Council Speaker contends that she cannot be held liable for aiding and abetting because she was not Plaintiff's employer. (Council Speaker's Opp. 4–6.)[3] However, the New York Court of Appeals has clearly held that § 296(6)'s use of the phrase "any person" should be "construed broadly." *Griffin*, 29 N.Y.3d at 187. As the Court explained,

> [N]othing in the statutory language or legislative history [of § 296(6)] limits the reach of this provision to employers. Indeed, the purpose of subdivision (6) was to bring within the orbit of the bill all persons, no matter what their status, who aid or abet any of the forbidden practices of discrimination or who attempt to do so, as well as to furnish protection to all persons, whether employers, labor organizations or employment agencies, who find themselves subjected from any source to compulsion or coercion to adopt any forbidden employment practices.

*Id.* (internal quotation marks omitted). The Council Speaker attempts to distinguish *Griffin* by pointing out that the defendant in *Griffin* was a company that conducted background checks and that entered into a contract with the employer to conduct background checks, whereas here, the

---

[3] "Council Speaker's Opp." refers to Defendant New York City Council Speaker Melissa Mark-Viverito's Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration and Reargument, filed April 23, 2018. (Doc. 50.)

Council Speaker had no legal relationship with NYCHA or Plaintiff.  (Council Speaker's Opp. 4.)  As an initial matter, the Council Speaker's assertion that she—as Council Speaker—had no legal relationship with NYCHA or Plaintiff is not entirely correct.  The New York City Council is "[s]imilar to Congress at the federal level, [acts as] New York City's legislative body," and operates separately "from the Mayor's administration but [is] an equal partner in how [New York City] is run."  *What We Do*, N.Y.C. Council, https://council.nyc.gov/about/ (last visited Mar. 19, 2019).  "The [Council] Speaker is elected by Council Members and leads [the Council] in setting priorities, passing laws, and directing public money for the benefit of New Yorkers."  (*Id*.)  And the New York City Council, Committee on Public Housing "has jurisdiction over the New York City Housing Authority."  *Committee on Public Housing*, N.Y.C. Council, https://council.nyc.gov/committees/public-housing/ (last visited Mar. 19, 2019).  Therefore, contrary to the Council Speaker's assertion, the New York City Council has jurisdiction over NYCHA.  In any event, nothing in *Griffin*, the language of § 296(6), or the legislative history suggests a requirement that the aider and abettor must have a legal relationship with the employer in order to be held liable.  Due to the Court of Appeals' broad interpretation of § 296(6), I find that § 296(6) applies to the Council Speaker.

The Council Speaker also contends that even if § 296(6) applies to the Council Speaker, her comments "could not plausibly be deemed to have aided NYCHA in discriminating against Plaintiff based on Plaintiff's own protected characteristics."  (Council Speaker's Opp. 6.)  However, the Council Speaker's statement that she wanted to replace the manager, an African American, with a "Spanish Manager," (Compl. ¶ 29; *see also id.* ¶ 31),[4] could plausibly be interpreted as evincing discriminatory animus on the basis of race and/or national origin.

---

[4] "Compl." refers to the Complaint, filed June 16, 2016.  (Doc. 1.)

Moreover, the Council Speaker's comments, in addition to Clarke's instructions to Plaintiff to inform Human Resources personnel that the Council Speaker had requested that the manager's employment be terminated because of the "cultural sensitivity" needs of the residents, (*id.* ¶ 35), and his later comments that he was frustrated that Plaintiff had not yet fired the African American manager because "the Council Speaker want[s] it done," (*id.* ¶ 50), plausibly suggest that the Council Speaker had some influence on the discriminatory acts of NYCHA, Clarke, and Kelly. To the extent that my March 26, 2018 Opinion & Order found or suggested otherwise, I now amend that Opinion & Order.[5]

## IV.    **Conclusion**

For the reasons stated herein, Plaintiff's motion for reconsideration is GRANTED. I hereby amend my March 26, 2018 Opinion & Order and find that Defendant Council Speaker's motion to dismiss the aiding & abetting claim brought pursuant to § 296(6) is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion at Document 44, and to reinstate Defendant Melissa Mark-Viverito as a Defendant in this case.

SO ORDERED.

Dated:  March 22, 2019
        New York, New York

Vernon S. Broderick
United States District Judge

---

[5] On September 24, 2018, the Council Speaker filed a motion for reconsideration of a September 10, 2018 Opinion & Order I filed in a related case. *See Williams v. City of New York*, No. 16-cv-8193 (S.D.N.Y.), ECF Nos. 34, 35. In light of this Opinion & Order, I am denying the Council Speaker's motion in that case without prejudice to refile within fourteen days.