

**NEW YORK CITY HOUSING AUTHORITY
LAW DEPARTMENT**
250 BROADWAY • NEW YORK, NY 10007

http:/nyc.gov/nycha

**KATHRYN GARCIA**
Interim Chair & CEO

**KELLY D. MACNEAL**
EVP of Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 776-5259

April 23, 2019

*Via ECF*
The Honorable Magistrate Judge Ona T. Wang
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:   *Colon v. The City of New York, et al.*, No. 16-CV-4540
           *Williams v. The City of New York, et al.*, No. 16-CV-8193

Dear Magistrate Judge Wang:

    I am counsel for Defendants the New York City Housing Authority, Michael Kelly, and Brian Clarke (collectively, "the NYCHA Defendants") in the above-referenced consolidated matters.

    Plaintiff Sibyl Colon has failed to comply with the Court's February 6 and March 6, 2019 orders requiring her to respond to the NYCHA Defendants' Interrogatory No. 12 concerning the identities of physicians or healthcare providers who evaluated or treated Plaintiff for any psychological condition or symptom occurring during Plaintiff's workers' compensation leave from NYCHA, and to provide corresponding HIPAA releases.

    Plaintiff initially served one HIPAA release for a healthcare provider who treated her for psychological symptoms during her workers' compensation leave, claiming this was the only provider Plaintiff could recall. The NYCHA Defendants then produced Plaintiff's workers' compensation records, which indicate that Plaintiff was treated by <u>four</u> healthcare providers and was hospitalized during her workers' compensation leave. The name of the hospital was not listed in the workers' compensation records, but the NYCHA Defendants submit that Plaintiff likely recalls where she was hospitalized.

    To date, Plaintiff has served HIPAA releases for only two of the healthcare providers listed in the workers' compensation records and has not produced releases for the other providers or the hospital. I have asked Plaintiff's counsel repeatedly if and when he intends to provide the releases for the additional providers in the records, but Plaintiff's counsel has failed to respond to my inquiries.

    In light of the upcoming June 3, 2019 fact discovery deadline and the time it will take the NYCHA Defendants to obtain the medical records once they have the releases, the NYCHA Defendants seek the Court's assistance – for the third time – in compelling Plaintiff Colon to provide a complete,

verified response to Interrogatory No. 12 and corresponding HIPAA releases.

                                                        Respectfully submitted,

                                                        Jane E. Lippman

cc: All counsel (via ECF)