

**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
250 BROADWAY• NEW YORK, NY 10007

http://nyc.gov/nycha

**KATHRYN GARCIA**
Interim Chair & CEO
**KELLY D. MACNEAL**
EVP of Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 776-5259

April 26, 2019

*Via ECF*
The Honorable Magistrate Judge Ona T. Wang
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   *Colon v. The City of New York, et al.,* No. 16-CV-4540
              *Williams v. The City of New York, et al.,* No. 16-CV-8193

Dear Magistrate Judge Wang:

      I am counsel for Defendants the New York City Housing Authority, Michael Kelly, and Brian Clarke (collectively, "the NYCHA Defendants") in the above-referenced consolidated matters. I write to follow-up on my letter to the Court dated April 23, 2019.

      Notwithstanding the representations of cooperation in Mr. Florestal's April 24, 2019 response to the NYCHA Defendants' letter, Plaintiff still has not responded to Interrogatory Number 12 and provided corresponding HIPAA releases, in violation of the Court's February 6 and March 6, 2019 orders.

      First, Plaintiff has not responded to Interrogatory Number 12. Instead, Plaintiff served a response on April 12, 2019 stating, "Plaintiff tenders as Exh. A, a HIPAA form for the relevant period." Thus, Plaintiff has violated the Court's February 6 and March 6, 2019 orders by failing to list the providers requested in Interrogatory Number 12.

      Second, after producing a single HIPAA release, Plaintiff has required that the NYCHA Defendants identify the providers who treated her for psychological symptoms, as well as the hospital where she was hospitalized. Mr. Florestal stated expressly, and in writing, that he will not identify the hospital where Plaintiff was hospitalized or provide a HIPAA release for the hospital – and he has instead insisted that the NYCHA Defendants provide him with a release with the name of the hospital already identified. Not only do the workers' compensation records refer to Plaintiff's hospitalization, but Mr. Florestal acknowledged to me that Plaintiff was hospitalized. Mr. Florestal's insistence that the NYCHA Defendants must identify the hospital where Plaintiff was hospitalized violates the Court's orders. I spoke to Mr. Florestal about this issue on the phone again today, and Mr. Florestal reiterated that it is the NYCHA Defendants' burden to tell him where Plaintiff was hospitalized. I asked Mr. Florestal if he claims that Plaintiff cannot recall where he was hospitalized, and he refused to respond.

Furthermore, Mr. Florestal claimed that he could not find the name of one of the providers in the records. I emailed Mr. Florestal the specific page numbers where the provider's name appears, but I have not received a HIPAA release for this individual, Erika Malm.

In addition, after Mr. Florestal filed his April 24, 2019 letter, he emailed me two additional HIPAA releases and claimed he put the originals in the mail. However, post-it notes cover Plaintiff's social security number and part of Mr. Florestal's address on the releases in the email, and they are unusable. As of today, I have not received the originals.

The NYCHA Defendants submit that Plaintiff has failed to comply with the Court's discovery orders and has engaged in bad faith behavior and obstructionist conduct. The NYCHA Defendants therefore seek the Court's assistance in compelling Plaintiff to respond to Interrogatory Number 12 and to produce the outstanding HIPAA releases.

Respectfully submitted,

Jane E. Lippman

cc: All counsel (via ECF)