

**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
250 BROADWAY• NEW YORK, NY 10007

http:/nyc.gov/nycha

**KATHRYN GARCIA**
Interim Chair & CEO

**KELLY D. MACNEAL**
EVP of Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 776-5259

May 10, 2019

*Via ECF*
The Honorable Magistrate Judge Ona T. Wang
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:   *Colon v. The City of New York, et al.,* No. 16-CV-4540
           *Williams v. The City of New York, et al.,* No. 16-CV-8193

Dear Magistrate Judge Wang:

     I am counsel for Defendants New York City Housing Authority, Michael Kelly, and Brian Clarke (collectively, "the NYCHA Defendants") in the above-referenced consolidated matters. Pursuant to the Court's May 10, 2019 order, and in anticipation of the status conference on May 16, 2019, the parties respectfully submit this joint status letter and agenda for the May 16, 2019 conference.

     Since the parties filed their May 7, 2019 joint letter requesting an extension of the discovery deadline to July 15, 2019, which was endorsed by the Court (docket entry no. 88), discovery disputes have arisen. The parties met and conferred regarding these issues, both in person at the May 8, 2019 deposition of Plaintiff Allison Williams, and on the telephone on May 10, 2019. The parties respectfully seek the Court's assistance in resolving these disputes at the May 16, 2019 conference.

     The parties set forth an agenda as follows:

1. **The NYCHA Defendants Seek To Compel Plaintiff Allison Williams To Answer Questions She Refused To Answer On Non-Privileged Grounds At Her Deposition On May 8, 2019**

<u>The NYCHA Defendants' Position</u>

Plaintiff Williams was deposed at NYCHA's offices on May 8, 2019. Marcel Florestal, counsel for Plaintiff Williams and Colon, attended the deposition, as did John Corbin Carter, counsel for Former City Council Speaker Melissa Mark-Viverito.

On multiple occasions during her deposition, Plaintiff Williams refused to answer questions that did not call for the disclosure of attorney-client privileged information. Rather, Plaintiff's counsel, Marcel Florestal, objected that the question had been asked and answered – when it in

fact had not been previously asked. In any event, such an objection is not to the form of the question and is an improper deposition objection. Based on Mr. Florestal's objection, Plaintiff refused to answer questions.

When the NYCHA Defendants' counsel requested that Mr. Florestal instruct his client to answer the question, he refused. The NYCHA Defendants' counsel informed Mr. Florestal that the NYCHA Defendants would seek to compel Plaintiff Williams to answer and would seek fees and sanctions for her refusal. Mr. Florestal had no response.

The transcript of Ms. Williams' deposition has not yet been prepared. However, after the transcript is prepared, the NYCHA Defendants will provide the Court with specific examples of counsel's improper objections and Plaintiff's refusal to answer deposition questions.

Plaintiffs' Position

Your Honor, The Florestal Law Firm, PLLC is counsel to Allison Williams ("Plaintiff" or "Ms. Williams") in this matter. NYCHA Defendants grossly misstate the facts. It is our position that the record speaks for itself and the transcript supports our position. When you read the transcript for yourself, you will see that NYCHA Defendants asked Ms. Williams the same question about five (5) times, back to back. Ms. Williams replied to NYCHA Defendants' inquiries. At one point, she became frustrated because of the repetition and would begin her answer with: "[a]gain…" The repetition was so bad that I had to object, premised on asked and answered. I never instructed Ms. Williams not to answer. More importantly, Ms. Williams had in fact previously answered the question that she threatened to not answer, and also, if my memory serves me, subsequently answered that same question.

    Moreover, it is important to keep in mind a few things that the transcript unfortunately will not bear out. First, Ms. Lippman was very combative with Plaintiff to the point where she was badgering the witness. At one point she screamed at Ms. Williams from the top of her lungs, startling both Plaintiff and I. That undoubtedly frustrated Ms. Williams.

    Second, the acrimony between Plaintiff and Ms. Lippman began in late afternoon, around 4:00 PM'ish. Plaintiff began her testimony around 10:20AM. Moreover, Plaintiff is a diabetic with an apparatus surgically implanted in her gut measuring her blood sugar level. The apparatus kept beeping at one point indicating she needed insulin. That clearly would have affected her stamina and mood.

    Third, it is important to note that City Defendants deposed Ms. Williams on the same day and never complained about her performance, nor was there any acrimony between City Defendants and Plaintiff. Unlike Ms. Lippman, City Defendants did not engage in badgering the witness.

2. **The NYCHA Defendants Request That The Court Require Allison Williams And/Or Her Attorney To Pay For A Second Deposition And To Pay Attorneys' Fees Due To Her Failure To Answer Non-Privileged Questions And Her Production Of Amended Interrogatory Responses The Day After Her Deposition**

The NYCHA Defendants' Position

On November 26, 2018, the NYCHA Defendants served interrogatories on Plaintiff Williams. Interrogatories numbers 6 and 7 ask Plaintiff to state each and every financial

expense or loss incurred as a result of any acts or omissions of Defendants, and if Plaintiff claims monetary damages for mental suffering or emotional injury or distress, to state the monetary amount, and the method used to calculate the amount. Interrogatories numbers 8 and 9 ask Plaintiff to identify any physician or healthcare professional who has evaluated or treated her since January 1, 2013, including for injuries or damages allegedly caused by the NYCHA Defendants, and to provide the contact information for these individuals.

Plaintiff Williams served verified interrogatory responses on January 24, 2019. In response to interrogatories numbers 6 and 7, Plaintiff wrote, "The full extent and total amount of Plaintiff's damages are not yet ascertainable and will be provided as soon as they become available." In response to interrogatories numbers 8 and 9, Plaintiff wrote, "Plaintiff has not yet received medical treatment for her emotional distress" and "This interrogatory is irrelevant and not applicable to Plaintiff.

Plaintiff Williams served a verified amended set of interrogatory responses on March 21, 2019 and did not change her answers to interrogatories numbers 6, 7, 8, or 9.

During her deposition on May 8, 2019, Plaintiff was questioned regarding her responses to interrogatories numbers 6 and 7 and asked the nature of her damages and when they would be ascertainable. Plaintiff was unable to respond to these questions. <u>The day after Plaintiff Williams' deposition, on May 9, 2019</u>, Mr. Florestal served a second set of amended responses – providing the names of two physicians in response to interrogatories numbers 8 and 9.

The NYCHA Defendants submit that this sort of gamesmanship, along with Plaintiff Williams' refusal to answer questions at her deposition, warrant the Court to require Plaintiff Williams and/or her attorney to pay the court reporter fees and all Defendants' counsels' fees for a second deposition. The NYCHA Defendants are entitled to answers to questions Plaintiff Williams refused to answer and to question her regarding the new information in her interrogatory responses.

<u>Plaintiffs' Position</u>

Plaintiff recently amended NYCHA Defendants' First Set of Interrogatories to include mental health professionals that Plaintiff recently started seeing. Plaintiff's counsel amended the relevant Interrogatories one (1) day after Plaintiff informed him of the medical professionals and is acquiring signed HIPAA releases for NYCHA Defendants. Plaintiff has not done anything unscrupulous, nor is engaging in any "gamesmanship" as alleged by NYCHA Defendants. NYCHA Defendants' allegations are meritless.

Respectfully submitted,

*Jane E. Lippman*

Jane E. Lippman

cc: All counsel (via ECF)