

**NEW YORK CITY HOUSING AUTHORITY
LAW DEPARTMENT**
250 BROADWAY • NEW YORK, NY 10007

http:/nyc.gov/nycha

**KATHRYN GARCIA**
Interim Chair & CEO

**KELLY D. MACNEAL**
EVP of Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 776-5259

July 22, 2019

*Via ECF*
The Honorable Magistrate Judge Ona T. Wang
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Colon v. The City of New York, et al.*, No. 16-CV-4540
            *Williams v. The City of New York, et al.*, No. 16-CV-8193

Dear Magistrate Judge Wang:

    I am counsel for Defendants New York City Housing Authority, Michael Kelly, and Brian Clarke (collectively, "the NYCHA Defendants") in the above-referenced consolidated matters. Pursuant to the Court's May 7, 2019 Order, the parties respectfully submit this joint status letter.

<u>All Defendants Have Completed Discovery and Will Move For Summary Judgment</u>

    Pursuant to the Court's May 7, 2019 Order, the NYCHA Defendants and Defendant Mark-Viverito have completed discovery. A continued deposition of Plaintiff Williams was held on July 15, 2019. Counsel re-visited several of the questions Ms. Williams refused to answer during her first deposition, and this time Ms. Williams responded, either that she did not remember or did not know. Counsel further questioned Ms. Williams regarding the belatedly-identified healthcare providers who treated Ms. Williams for her alleged emotional distress. In further support of Defendants' joint letter motion to compel and for sanctions, Defendants note that Ms. Williams' first visit to a healthcare provider for treatment of symptoms related to alleged emotional distress was on February 22, 2019 – yet Plaintiff Williams waited until May 9, 2019, one day after her deposition on May 8, to amend her Interrogatory responses to disclose the names of any healthcare provider. With respect to Plaintiff Colon's tax returns, Plaintiff Colon has not produced unredacted tax returns designated as Confidential pursuant to the protective order, as requested by Defendants.

    The NYCHA Defendants and Defendant Mark-Viverito believe that summary judgment is warranted in both the Colon and Williams cases and do not wish to engage in settlement discussions. Defendants proposed a summary judgment briefing schedule to Plaintiffs' counsel, Marcel Florestal, on July 15, 2019; however, Mr. Florestal has not responded to Defendants' proposed schedule. Defendants therefore intend to submit their proposed briefing schedule to Judge Broderick and request that the Court so-order this schedule.

Lastly, on July 17, 2019, Mr. Florestal filed a belated request to move to compel in regard to the deposition of Defendant Michael Kelly – two weeks after Mr. Kelly's deposition on July 3, 2019, and several days after the close of discovery on July 15, 2019. The Court's May 7, 2019 Order states, "All discovery shall be completed by July 15, 2019. No further extensions." Accordingly, Defendants request that the Court deny Plaintiff permission to file a motion to compel, which is untimely. If, however, the Court permits Plaintiff to file the motion, Defendants will fully address Mr. Florestal's harassment of counsel and Mr. Kelly and his improper questioning. July 3, 2019 was the third time Mr. Kelly appeared for a deposition in these matters. The first time, on May 3, 2019, Mr. Florestal attempted to ask Mr. Kelly questions outside the scope of his FRCP 30(b)(6) topics after failing to notice Mr. Kelly's personal deposition. The parties called the Court, who ruled that Mr. Kelly must be deposed in his individual capacity on a separate date.

Mr. Florestal then noticed both Defendant Brian Clarke's and Mr. Kelly's depositions for June 13, 2019, at 10:00 a.m. and 1:00 p.m. respectively. However, at 12:45 p.m., Mr. Florestal announced that he needed the entire afternoon to depose Mr. Clarke, thereby requiring Mr. Kelly to return for his deposition a third time. The third time Mr. Kelly was scheduled to be deposed, on July 3, 2019, Mr. Florestal repeatedly asked Mr. Kelly questions that required disclosure of attorney-client privileged information and attorney work product and interfered with the attorney-client relationship. After counsel confirmed several times on the record that Mr. Florestal had no additional questions, counsel, Mr. Kelly, and counsel for Defendant Mark-Viverito left the deposition.

<u>Plaintiffs' Position</u>

The Florestal Law Firm, PLLC is counsel to Sibyl Colon and Allison Williams (hereinafter, respectively "Ms. Colon" or "Ms. Williams" or collectively "Plaintiffs"), in the above referenced cases bearing their names. As illustrated further in our motion to compel and for sanctions, discovery in this matter is currently incomplete due to Ms. Jane Lippmann's, Esq., totally inappropriate actions on July 3, 2019. Plaintiffs anticipate submitting their motion no later than Tuesday, July 23, 2019.

Respectfully submitted,

*Jane E. Lippman*

Jane E. Lippman

cc: All counsel (via ECF)

2