**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

SIBYL COLON,                                          :
                                                      :
                          Plaintiff,                  :                    No. 16-CV-4540 (VSB) (OTW)
                                                      :
          -against-                                   :
                                                      :
NEW YORK CITY HOUSING AUTHORITY, et al.,              :
                                                      :
                          Defendants.                 :
                                                      :
-------------------------------------------------------------x
                                                      :
ALLISON WILLIAMS,                                     :
                                                      :
                          Plaintiff,                  :                    No. 16-CV-8193 (VSB) (OTW)
                                                      :
          -against-                                   :
                                                      :
CITY OF NEW YORK, et al.,                             :                    **ORDER**
                                                      :
                          Defendants.                 :
                                                      :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Before the Court is Defendants New York City Housing Authority, Michael Kelly, Brian

Clarke, and Melissa Mark-Viverito (collectively "Defendants") joint letter motion to compel and

for attorneys' and court reporter fees. (ECF 51 in no. 16-cv-8193). Defendants' bases for its

motion are the alleged (1) misconduct at Plaintiff Allison Williams's deposition, (2) failure to

timely provide amended interrogatory responses regarding Plaintiff Williams's medical history,

and (3) production of improperly redacted tax returns for Plaintiff Sibyl Colon. [1]  For the reasons

described below, Defendants' motion is **DENIED** in its entirety.

_____

[1] Defendants raise issues with discovery in both the *Colon* and *Williams* cases in one motion because the two cases
are currently consolidated for pre-trial purposes. (ECF 45 in No. 16-cv-8193). For clarification, unless stated
otherwise, all ECF references pertaining to Ms. Williams's deposition and interrogatory responses will be for the

**I.        Plaintiff Allison William's Deposition**

Defendants argue that Ms. Williams's counsel made multiple speaking objections during

Ms. William's deposition, a fact Ms. Williams appears to concede. (ECF 51 at 1-2; ECF 52 at 52 at

4). While speaking objections are improper, Federal Rule of Civil Procedure 30(d)(2) allows for

the imposition of sanctions where counsel "impedes, delays, or frustrates the fair examination

of the deponent." This standard has been interpreted to only award sanctions when use of

speaking objections "essentially destroys a deposition." *See Cameron Industries, Inc. v. Mothers*

*Work, Inc.*, No. 06-CV-1999 (BSJ) (HBP), 2007 WL 1649856, at *5 (S.D.N.Y. June 6, 2007)

(quoting *Am. Fun & Toy Creators, Inc. v. Gemmy Indus., Inc.*, No. 96-CV-0799 (AGS) (JCF), 1997

WL 482518, at *8 (S.D.N.Y. Aug. 21, 1997)). The specific instances highlighted by Defendants do

not rise to the level of egregiousness necessary to impose sanctions. In addition, upon review of

the remainder of the deposition transcript, there was no instance where Plaintiff's counsel

instructed the witness to not answer a question. Indeed, the opposite. Ms. Williams answered

each question following an objection.

Defendants point to a handful of times of "improper behavior," of which one of the

more blatant violations is shown below.

> Q:  Here is the question: Do you claim that there is a connection
> between the Housing Assistant described in paragraph 25 who had
> a death in the family and was unavailable and the meeting at the
> former Speaker's office?
>
> MR. FLORESTAL: Objection. Objection. Do you understand the
> question?
>
> MS. LIPPMAN: Stop coaching the witness.

---

*Williams* docket and all ECF references related to Ms. Colon's tax returns will be to the *Colon* docket.

MR. FLORESTAL: I am not coaching the witness. You did the same thing when I was questioning, you said I don't even understand the question. I don't understand the question, so does she understand it? You said the same thing.

MS. LIPPMAN: We will call the Judge if this continues. You are coaching the witness.

MR. FLORESTAL: It's not coaching. And you did the same thing.

Q: Do you understand the question?

A: I understand the question.

Q: Okay.

A: Well, no, I don't understand the question. I am getting implications that you're implying something. I don't know. I can't answer it.

Q: What don't you know?

A: If there was something between a death in the family and that meeting. I don't know why it would have a connection.

Williams Dep. Tr. at 61:23-63:8. As seen above, even here, Ms. Williams eventually answered

the question.

Defendants then point to an instance where they believe Plaintiff's counsel should have

instructed Ms. Williams to answer a question, which follows, in part:

Q: When you heard the speaker use the word Spanish you thought the speaker was referring to ethnicity?

MR. FLORESTAL: Objection.

MS. LIPPMAN: What basis?

MR. FLORESTAL:  She answered.

MS. LIPPMAN: We can call the Judge.

A: You threatened me with that before and what did I say? You go

3

ahead. I answered the question that you asked me about Spanish
and Spanish speaking, so stop playing games and just let's get to the
point.

Q: You brought the lawsuit, and we get to question you.

A: Yes but you keep asking the same thing over and over again.

MS. LIPPMAN: Please instruct her to answer the question.

MR. FLORESTAL: You asked it before and she responded  before.

MS. LIPPMAN: We will be moving to compel and I'll seek
sanctions and fees.

Williams Tr. at 208:12-209:10. In relation to the colloquy above, Ms. Williams earlier in the

deposition had already answered the question with "I don't know." Williams Tr. at 207:22-

208:4. Plaintiff's counsel is not required to force his witness to answer, or re-answer, a

question. Accordingly, the Court **DENIES** Defendants' request to compel or impose sanctions as

a result of conduct at Ms. Williams's deposition.

II.    **Amended Interrogatory Responses**

Defendants argue that Plaintiff Williams failed to timely amend her interrogatories or

mention at her deposition that she was being treated by a healthcare professional. (ECF 51 at

4). Rather, Ms. Williams served amended interrogatory responses on May 9, 2019, the day after

her deposition, stating that she was seeing two healthcare professionals. (ECF 51-2 at 15-16).

Counsel for Ms. Williams responded, albeit unsworn, that Ms. Williams did not inform him of

her mental health visits until the day of the deposition and therefore could not have amended

earlier. (ECF 52 at 4).

Although the new responses would typically entitle Defendants to a second deposition

on these new responses, Defendants have indicated that Ms. Williams has now been deposed a

4

second time regarding her amended interrogatory responses. (ECF 93 at 1). Accordingly,

Defendants' request to compel another deposition is **DENIED** as moot, with the parties each to

bear their own costs for that deposition.

### III.   Redacted Tax Returns

Defendants then argue that production of Plaintiff Sybil Colon's "heavily redacted" tax

returns is insufficient and that Ms. Colon should be compelled to produce unredacted tax

returns. (ECF 51 at 1). As an initial matter, Defendants' characterization of the produced tax

returns as "heavily redacted" is a bit hyperbolic. Ms. Colon only redacted social security

numbers, her children's names, bank account numbers, and the tax preparer's identity. (ECF 52

at 2; ECF 52-1 at 2-9).

The Court finds that redaction of Ms. Colon's sensitive personally identifiable

information was appropriate. *See, e.g., Andrews v. Cruz*, No. 04-CV-566 (PAC) (RLE), 2006 WL

1984650, at *3 (S.D.N.Y. 2006). It is unclear how this personal information is relevant to

Defendants or why redaction is prejudicial to Defendants. Defendants argue that Ms. Colon's

marital status and the existence of dependents relate to her claimed pecuniary losses, but there

are other less intrusive means of obtaining that information, *e.g.*, asking Ms. Colon at her

deposition, or through interrogatories, as to her marital status and whether she has children.

Accordingly, the Court Defendants' request to compel or impose sanctions as a result of the

produced tax returns is **DENIED**.

### IV.   Conclusion

For the aforementioned reasons, Defendants' motion is **DENIED** in its entirety. The Clerk

of Court is directed to close ECF 51 in case number 16-cv-8193.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: September 11, 2019                                      **Ona T. Wang**
         New York, New York                      United States Magistrate Judge