UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
SIBYL COLON,                                                :
:
                                   Plaintiff,               :         16-CV-4540 (VSB) (OTW)
:
                -against-                                   :         **MEMORANDUM OPINION & ORDER**
:
NEW YORK CITY HOUSING AUTHORITY, et al.,                    :
:
                                   Defendants.              :
:
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On September 11, 2019, the Court ordered a second deposition of Michael Kelly and ordered that Defendants New York City Housing Authority and Michael Kelly (collectively "NYCHA Defendants") be liable to Plaintiff Sibyl Colon ("Plaintiff") for the attorney's fees and costs related to both the second deposition and for bringing the motion to compel. (ECF 101). Plaintiff's counsel subsequently submitted billing records and invoices in support of his claimed fees and costs, as directed by the Court. (ECF 106, 108).

Although Plaintiff's counsel submitted his billed fees, the Court must still determine what fees are reasonable by comparing the requested fees with the lodestar amount, an amount that is "the product of a reasonable hourly rate by the reasonable number of hours required." *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The Court has "considerable discretion" in determining a reasonable fee. *See Matusick v. Erie County Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014). In determining a reasonable hourly rate, the Court looks at the attorney's experience in the field, what similar attorneys in the district charge, and what other clients pay for similar services. *Arbor Hill Concerned Citizens Neighborhood Ass'n. v.*

*County of Albany*, 522 F.3d 182, 191 (2d Cir. 2008). Similarly, to determine the reasonable number of hours to be spent, the Court examines whether a "reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Where the amount billed is excessive, the Court "should reduce the stated hours accordingly." *Cocoletzi v. Fat Sal's Pizza II, Corp.*, No. 15-CV-2696 (CM) (DF), 2019 WL 92456, at *11 (S.D.N.Y. Jan. 3, 2019). The burden is on the applicant to show that the claimed hourly rate and hours spent are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Plaintiff's counsel requests an hourly rate of $450. (ECF 106-4 ¶ 4). Plaintiff's counsel graduated from Fordham Law School in 2000, and has been practicing law since 2001. (ECF 106-4 ¶ 1). Plaintiff's counsel, however, provided no evidence of his credentials and experience, or evidence of what he typically charges other clients. (ECF 106-4). Accordingly, the Court finds a $400 hourly rate reasonable for an attorney with Plaintiff's counsel's years of experience. *See Williams v. City of New York*, No. 16-CV-233 (JPO), 2017 WL 1906899, at *2 (S.D.N.Y. May 9, 2017) (awarding $400 hourly rate to civil rights solo practitioner with roughly 14 years' experience); *Dixon v. Agbai,* No. 15-CV-850 (AT) (AJP), 2016 WL 3702749, at *15 (S.D.N.Y. July 8, 2016) (finding attorneys with over 12 years' experience are typically awarded $300-$450 an hour), *adopted by* 2016 WL 5660246 (S.D.N.Y. Sept. 28, 2016).

Plaintiff's counsel submits that he spent five hours for the second deposition and seven hours drafting the motion to compel. (ECF 106-3). While the five hours in deposition are reasonable, seven hours to draft a motion to compel appears excessive. *See Marano v. Aaboe*, No. 05-CV-9375 (BSJ) (RLE), 2007 WL 3195156, at *4 (S.D.N.Y. Oct. 29, 2007) (finding three hours reasonable for a motion to compel that did not require complex legal analysis). Plaintiff's

motion to compel is a little over five pages, with approximately two of those pages composed solely of direct quotations from the deposition transcript. (ECF 94). Plaintiff's motion only cites three cases and involved a fairly straightforward two-paragraph legal argument. (ECF 94 at 5-6). Although Plaintiff attached four exhibits, Plaintiff did not need to curate the documents and merely attached all 136 pages. (ECF 94-1 to 94-4). Accordingly, the Court finds four hours to be a more reasonable estimate of time to draft the motion, resulting in a total fees award of $3,600 ($400/hour x 9 hours). The Court also finds reasonable the $1,314.60 in deposition costs, as supported by the submitted invoice and undisputed by Defendants. (ECF 108-1).

For the foregoing reasons, Plaintiff's counsel is hereby awarded **$4,914.60** ($3,600 + $1,314.60) in fees and costs. The NYCHA Defendants are directed to pay that amount within 30 days of the date of this order.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: October 23, 2019
New York, New York

**Ona T. Wang**
United States Magistrate Judge