


**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
90 CHURCH STREET• NEW YORK, NY 10007
http:/nyc.gov/nycha

**GREGORY P. RUSS**
Chair & CEO
**LISA BOVA-HIATT**
EVP of Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 776-5043

June 28, 2021

**VIA CM/ECF**

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 6/30/2021

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

**Re:** ***Sibyl Colon v. City of New York, et al.*** **No. 16-CV-4540 (VSB)(OTW)**
**Request For Brief Extension To Submit Status Report and Discovery Schedule**

Dear Judge Broderick:

I am substitute counsel for Defendant the New York City Housing Authority ("NYCHA") in the above-referenced matter. I respectfully submit this letter to request a **two-week** extension, or until **Monday, July 12, 2021**, to submit a status update and proposed discovery schedule as instructed by Your Honor's Opinion and Order dated May 26, 2021, **ECF No. 195**. This is the NYCHA's first request for an extension of this deadline, and good cause exists for an extension to be granted.

As an initial matter, NYCHA's in-house litigation department has regrettably suffered an exodus of staffing resources in recent months beginning with the departure of NYCHA's long-standing attorney of record in this case, Ms. Jane Lippman, and most recently my predecessor counsel in this matter, Adam Kurtz, whose representation was only terminated this afternoon. As much as I had hoped to bring myself fully up to speed on the discovery record in this matter prior to today's status update and discovery schedule submission deadline, I regret that I am still familiarizing myself with the documentary evidence and witness testimony in this case, and am not presently in a position to determine what additional discovery is necessary for NYCHA to adequately respond to the late declarations of undisclosed fact witnesses Robert Knapp and Louis Nieves.

In addition, last Thursday I received an email from Plaintiff's counsel informing NYCHA, for the very first time, that Louis Nieves – one of the two key witnesses for Plaintiff whose testimony NYCHA hoped to explore through deposition and/or other discovery methods – had died from coronoavirus after submitting his declaration in support of Plaintiff's motion for summary judgment. ***See*** **Attachment A – June 24, 2021 Email from Marcel Florestal, Esq. to Defense Counsel**. What is more, Mr. Florestal informed NYCHA that the only other witness at issue – Robert Knapp – has relocated to the State of Arizona. ***Id.***

At this time, it is unclear whether (or to what extent) Plaintiff intends to rely on the prior statements of Messrs. Nieves or Knapp at trial. However, since Mr. Nieves' passing renders him unable to testify and Ms. Knapp's relocation places him outside the compulsory subpoena powers of the Court, preserving these two witnesses' prior testimony will likely require admission of their summary judgment declarations into the trial record.

To the extent NYCHA is unable to directly examine and assess the credibility of Messrs. Nieves or Knapp and/or otherwise take meaningful discovery that would allow NYCHA to assess the foundation and/or accuracy of the allegations in Nieves' and Knapps' declarations, it cannot be reasonably disputed that NYCHA – who, by its Motion dated June 1, 2020 (**ECF Nos. 184-186**) timely challenged the propriety of both Nieves' and Knapp's late, unsworn declarations and sought to have them stricken accordingly – stands to be severely and unduly prejudiced by admission of these two declarations into the trial record.

In light of these recent developments, substitute counsel for NYCHA requires additional time to digest the discovery record and to meet and confer with Plaintiff's counsel about the remaining discovery called for by Your Honor's May 26 Opinion and Order.

Respectfully submitted,

/s/ Sean-Patrick Wilson

Sean-Patrick Wilson (SW7862)
Associate General Counsel
New York City Housing Authority
Law Department
90 Church Street, 11th Floor
New York, NY 10007
Email: Sean-Patrick.Wilson@nycha.nyc.gov

cc: All Counsel of Record (via ECF)

# ATTACHMENT A

**From:** Marcus, Natalie (Law)
**To:** Wilson, Sean-Patrick
**Subject:** FW: COLON V. NYCHA, et al, Fil No. 16-cv-04540
**Date:** Friday, June 25, 2021 2:16:14 PM

---

**From:** Marcus, Natalie (Law)
**Sent:** Friday, June 25, 2021 8:51 AM
**To:** Marcel Florestal; Adam.Kurtz@nycha.nyc.gov
**Subject:** RE: COLON V. NYCHA, et al, Fil No. 16-cv-04540

Good morning,

Because defendant Mark-Viverito was dismissed from the Colon case, we will not be taking part in the additional discovery.

Regards,
Natalie

**Natalie Marcus**
New York City Law Department
Labor and Employment Law Division
100 Church Street, Room 2-197
New York, NY 10007
Phone: (212) 356-2629

---

**CONFIDENTIALITY NOTICE:** This e-mail message is intended only for the person or entity to which it is addressed and may contain **CONFIDENTIAL** or **PRIVILEGED** material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

---

**From:** Marcel Florestal [marcel@florestallaw.com]
**Sent:** Thursday, June 24, 2021 4:52 PM
**To:** Adam.Kurtz@nycha.nyc.gov; Marcus, Natalie (Law)
**Cc:** Marcel Florestal
**Subject:** COLON V. NYCHA, et al, Fil No. 16-cv-04540

Opposing counselors, pursuant to the Court's Decision dated 5/26/21, entered on 5/27/21, in the above referenced matter, we are to confer regarding some proposed dates for completion of deposition of the additional witnesses. Also, please note that one of the witnesses have since died from the CoronaVirus, and the sole surviving witness is Robert Knapp, who has relocated to AZ. Please let me know whether you can conference on Friday, 5/24/21, between 12.00PM - 4.00PM, or sometime Monday, 5/28/21, the due date of the Order. In the alternative, you can shoot me some dates for any proposed deposition of Mr. Knapp, and I can run it by him for availability, in lieu of us having to conference.

--
**Marcel Florestal, Esq.**

**The Florestal Law Firm, PLLC**
**48 Wall Street, Suite 11**
**New York, NY 10005**
**212-918-4416 - Voice**
**646-417-7777 - Fax**

**www.florestallaw.com**