```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
 SIBYL COLON,                                               :
                                                            :
                              Plaintiff(s),                 :
                                                            :      16-CV-4540 (VSB)
                - against -                                 :
                                                            :       **OPINION & ORDER**
                                                            :
 NEW YORK CITY HOUSING AUTHORITY,                           :
 BRIAN CLARKE, MICHAEL KELLY, and                           :
 MELISSA MARK-VIVERITO,                                     :
                                                            :
                              Defendant(s).                 :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

I am in receipt of Plaintiff Sibyl Colon's motion to 1) set aside my Opinion & Order, dated May 26, 2021, pursuant to Federal Rule of Civil Procedure Rule 60(b)(3), and 2) reopen discovery in light of new evidence, (Doc. 212), and Defendants' opposition to that motion, (Doc. 220).

The new evidence consists of an email dated September 16, 2015, and the PDF documents attached to it ("New Evidence"). (Florestal Decl., Ex. 13., Doc. 214.) Plaintiff argues that the New Evidence, if authenticated, would refute Defendants' declarations and testimonies that Hayward did not become OPMOM's Director until May, 2016. (Pl.'s Mem., at 1, Doc. 215.) However, it appears to me that the New Evidence may be just another item of evidence that might support Plaintiff's contention that Hayward was the one that replaced her, not Abrahams. (*See id*.) On the other hand, the email does arguably appear to bear a relation to Plaintiff's discovery request; although I cannot say that it was specifically called for based upon the discovery request described, it seems that limited additional discovery maybe warranted.

Because I find that my consideration of the issues raised by the motion would benefit from clarification from the parties, it is hereby ORDERED that the Parties shall appear before me for an oral argument on November 3, 4:00 PM, to address, among other things, the following question/issues:

1. Is the New Evidence dispositive of the issue that Hayward replaced Plaintiff, or of any other issues that must be decided by a jury, including the issue of retaliation?

2. Should the New Evidence have been produced during discovery? If so, what discovery request(s) required the production of the New Evidence?

3. For Defendants: clarify 1) the "report" that Jasmine Perez used to create the "user-friendly spreadsheet," (Doc. 222 ¶ 6), and 2) Haywards' and Abrahams' positions as reflected by NYCHA's HR records. In connection with this issue, I direct Defendants to produce to me the underlying HR records Perez reviewed in order to create the "user-friendly spreadsheet."

4. For Defendants: Whether Defendants are willing to stipulate to the authenticity of the New Evidence, leaving its admissibility issue for later ruling upon objection?

5. If this Court reopens discovery, what discovery does Plaintiff believe it is entitled to?

The Clerk is respectfully directed to close ECF Docs. 210 and 212.

SO ORDERED.

Dated: October 25, 2021
New York, New York

_____
Vernon S. Broderick
United States District Judge