```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SIBYL COLON,                                                :
                                                            :
                              Plaintiff,                    :
                                                            :         16-CV-4540 (VSB)
              - against -                                   :
                                                            :         **OPINION & ORDER**
                                                            :
NEW YORK CITY HOUSING                                       :
AUTHORITY et al.,                                           :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

I am in receipt of the parties' letters dated November 10, (Doc. 227), and November 12, 2021, (Doc. 228). In light of the failure of the parties to reach an agreement, the following resolves the outstanding discovery disputes.

**I.      The Parties' Positions**

Plaintiff seeks to depose three witnesses:

(1) Robert Knapp, NYCHA's former director of heating and a recipient of the email in the newly discovered evidence ("New Evidence");

(2) Kathie Shoulders, a current NYCHA property manager who was in NYCHA during the relevant period and is the source of the New Evidence;

(3) Tijuana Huggins, a current NYCHA property manager who was in NYCHA during the relevant period.

(Doc. 227, at 1–2.) Plaintiff states that she is willing to withdraw Robert Knapp from the list "in the interest of moving the process forward." (*Id*. at 2.)

Defendants seeks the following additional discovery:

1) any official NYCHA documents, email communications, or press releases that directly address either:

    a. the management structure and/or identities of top-tier personnel within the OPMOM program (incl. organizational charts / reporting hierarchies, internal announcements and news articles about the OPMOM program, etc.);

    b. the recruitment, hiring, firing, replacement or relative relationship(s) between and among the title(s)/position(s) respectively held by Plaintiff Sibyl, Ms. Janet Abrahams, and Ms. Octavia Hayward (incl. relevant job postings, new-hire / "welcome" announcements, promotional announcements, internal discussions regarding Plaintiff's transition out of OPMOM); and

    c. official salary, benefits and other compensation information related to the title(s)/position(s) respectively held by Plaintiff Sibyl, Ms. Janet Abrahams, and Ms. Octavia Hayward

and/or

2) testimony from competent Housing Authority officials with personal knowledge of the institutional hierarchy of the OPMOM program and are qualified to speak on NYCHA's behalf regarding the hiring, firing, transfer and/or replacement of key leaders within that program, and the date(s) and reason(s) therefore.

(Doc. 228, at 3.) In addition to deposing Defendants Brian Clarke and Michael Kelly, Defendants also offered to depose Octavia Hayward, Janet Abrahams, and Jasmine Perez. (*Id.* at 4.)

Defendants are willing to accept Plaintiff's witness designations on the condition that Defendants have sufficient time to cross-examine these witnesses. (*Id.*) The major disagreement between the parties is over Defendants' proposed scope of discovery. Specifically, Plaintiff asserts that "Defendants are seemingly holding Plaintiff hostage unless she agrees to 'expand the scope' of her discovery," (Doc. 227, at 2), although Plaintiff does not seem to object to deposing Octavia Hayward, (*see* Doc. 228 Ex. 1, at 5–6). Defendants, on the other hand, contend that such a broad scope of discovery is warranted to reveal "the truth of this matter." (Doc. 228, at 4; Ex. A, at 5.)

## II.     The Scope of Discovery

"The Federal Rules set very liberal limits on the scope of discovery." *Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001). At the same time, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *Dukes v. N.Y.C. Emples. Ret. Sys.*, 331 F.R.D. 464, 473 (S.D.N.Y. 2019) (citing *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012)). Where the parties have had ample opportunity to obtain the information by discovery in the action, the district court must limit the scope of discovery and has broad discretion to determine such limits; such discretion also allows the court to reject a request to reopen discovery when reopening under the circumstances would seriously undermine the scheduling of the case. *See Jackson v. Fed. Express*, 766 F.3d 189, 199 (2d Cir. 2014); *see also* Fed. R. Civ. P. 26(b)(2)(C)(ii)).

This case has passed the summary judgment stage.[1] The parties have had ample opportunity to conduct discovery in this case. In fact, discovery was concluded in July 2019 after multiple extensions, and has since been reopened twice for limited purposes.[2] (*See* Docs. 101, 195.) Therefore, any additional discovery should be limited in scope strictly tailored to the New Evidence.

Specifically, the issue potentially raised by the New Evidence, which consists of an email titled "Coffee with the Chair" and certain attached documents, (Doc. 214 Ex. 13), is whether it supports Plaintiff's argument that it was Octavia Hayward, not Janet Abrahams, who replaced

---

[1] As my order dated November 4, 2021 has made clear, I will not set aside my Opinion & Order regarding the parties' summary judgement motions. (Doc. 226.)

[2] In the latest reopening of discovery, the parties ultimately did not proceed due to unavailable witnesses. (*See* Doc. 205.)

Plaintiff after she left NYCHA. This argument indirectly supports (instead of being dispositive of) Plaintiff's claim that NYCHA retaliated against her by demoting her from her previous position as the OPMOM Director. (*See* Doc. 226, at 1.)

Octavia Hayward and Janet Abrahams are key witnesses because their testimony would be important to establish their own job titles and responsibilities over the relevant period at NYCHA. Moreover, neither has been deposed in this case. Therefore, I grant Defendants' request to depose Octavia Hayward and Janet Abrahams.

As for Defendants Brian Clarke and Michael Kelly, neither are directly related to Plaintiff's argument or the New Evidence; nor have Defendants sufficiently explained the need to depose them. Further, the two Defendants were previously deposed. (*See* Doc. 143.) Therefore, I deny Defendants' proposal to depose Defendants Brian Clarke and Michael Kelly.

With regard to the requested documents, these are all documents that could have been requested earlier in discovery. In addition, I do not find that the requested document discovery related to "the management structure and/or identities of top-tier personnel within the OPMOM program" or "the recruitment, hiring, firing, replacement or relative relationship(s) between and among the title(s)/position(s) respectively held by Plaintiff Sibyl [Colon], Ms. Janet Abrahams, and Ms. Octavia Hayward" will be proportional to the needs of the case at this point. *See* Fed. R. Civ. P. 26(b)(1). On the other hand, documents related to the "official salary, benefits and other compensation information related to the title(s)/position(s) respectively held by Plaintiff Sibyl [Colon], Ms. Janet Abrahams, and Ms. Octavia Hayward" are directly on point. Therefore, I grant Defendants' proposal under (1)(c) and deny (1)(a) and (b). I also deny Defendants' request under (2) since the time for deposing a witness on these issues pursuant to Rule 30(b)(6) has long since passed, and Octavia Hayward and Janet Abrahams can address these issues during their

depositions to the extent they have personal knowledge. I further deny deposition of Jasmine Perez for the similar reason that discovery under (1)(c) can effectively address the same questions.

Finally, I allow Plaintiff to depose Kathie Shoulders and Tijuana Huggins.

### III.     Discovery Scope

For the reasons stated above, it is hereby ORDEERED that the parties shall reopen discovery with the scope as follows:

For Plaintiff:  deposing Kathie Shoulders and Tijuana Huggins.

For Defendants:  deposing Octavia Hayward and Janet Abrahams; document discovery over any official NYCHA documents, email communications, or press releases that directly address official salary, benefits, and other compensation information related to the title(s)/position(s) respectively held by Plaintiff, Janet Abrahams, and Octavia Hayward.

The parties are hereby ORDERED to submit a discovery schedule on or before December 22, 2021, in which they shall set out a deadline for this additional discovery.

SO ORDERED.

Dated: December 9, 2021
       New York, New York

                                       Vernon S. Broderick
                                       United States District Judge