UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SIBYL COLON,                                                :
                                                            :
                              Plaintiff,                    :
                                                            :    16-CV-4540 (VSB)
              - against -                                   :
                                                            :    **OPINION & ORDER**
                                                            :
THE CITY OF NEW YORK, NEW YORK                              :
CITY HOUSING AUTHORITY, NEW YORK :
CITY COUNCIL SPEAKER MELISSA                                :
MARK-VIVERITO, MICHAEL KELLY and                            :
BRIAN CLARKE,                                               :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

Appearances:

Marcel Florestal
Florestal Law Firm, PLLC
New York, New York

Leslie R Bennett
Leslie R Bennett LLC
Meville, New York
*Counsel for Plaintiff*

Greg Anthony Riolo
Joseph Anthony Saccomano, Jr
Rebecca Marie McCloskey
Jackson Lewis LLP
White Plains, New York

Sean-Patrick Wilson
Donna Marie Murphy
New York City Housing Authority
New York, New York
*Counsel for Defendants NYCHA, Michael Kelly, and Brian Clarke*

Heather Marie Martone
Reed Smith LLP
New York, New York

John Corbin Carter
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
New York, New York

Jacob Ari Englander
Lazare Potter Giacovas & Moyle LLP
New York, New York

Maria Fernanda Decastro
New York City Law Department
New York, New York

Natalie Sharon Marcus
Fire Department of the City of New York
New York, New York
*Counsel for Defendants the City of New York and*
*New York City Council Speaker Melissa Mark-Viverito*

<u>VERNON S. BRODERICK</u>, United States District Judge:

Before me is Plaintiff's motion to reinstate dismissed Defendant Melissa Mark Viverito as a defendant pursuant to Rule 54(b).  (Doc. 259.)  Because Plaintiff fails to show clear error or a risk of manifest injustice, the motion is DENIED.

**I.      <u>Background</u>**[1]

**A.  *Colon Procedural History***

Plaintiff Sibyl Colon ("Colon" or "Plaintiff") initiated this action on June 17, 2017 by filing a complaint, alleging:  (1) retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 296, et seq., and New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-107, et seq.; (2) hostile work environment based on

---

[1] For the purpose of this motion, I assume familiarity with all prior proceedings here, and only include the procedural history and background necessary to decide the instant motion.

2

age, race, and gender pursuant to 42 U.S.C. §1983; (3) violation of 42 U.S.C. § 1983; (4) violation of 42 U.S.C. §1985; (5) First Amendment retaliation; (6) aiding and abetting; (7) violation of her Fourteenth Amendment Due Process rights; and (8) intentional infliction of emotional distress ("IIED") against Defendants Michael Kelly ("Kelly"), the New York City Housing Authority ("NYCHA"), Brian Clarke ("Clarke", together, the "NYCHA Defendants") and the City of New York ("the City"), and aiding and abetting claims against New York City Council Speaker Melissa Mark-Viverito ("Mark-Viverito"), Clarke, and Kelly. (Doc. 1, "Compl.," ¶¶ 61–97.)

In an Opinion & Order filed on March 26, 2018, I granted in part and denied in part the motions to dismiss of the NYCHA Defendants, Mark-Viverito, and the City, and dismissed Plaintiff's: (1) hostile work environment claim against NYCHA; (2) Section 1985 claim against Kelly and Clarke; (3) First Amendment retaliation claim against the NYCHA; (4) IIED claim against Kelly and Clarke; and (5) claims against Defendants City of New York and Mark-Viverito. (Doc. 43, at 23.) In addition, I found that Plaintiff had withdrawn (1) all claims against the City; (2) her Section 1983 and Section 1985 claims against NYCHA; (3) her Due Process Clause claim; and (4) her Title VII claims based on sex and gender discrimination, and accordingly dismissed those claims without prejudice. (*Id*. at 9.) On April 9, 2018, Plaintiff filed a motion for reconsideration requesting that I restore her claim against Mark-Viverito for aiding and abetting under the NYSHRL, (Doc. 44), which Mark-Viverito opposed on April 23, 2018, (Doc. 50). On March 22, 2019, I granted Plaintiff's motion for reconsideration, thereby reinstating the aiding and abetting claim against Mark-Viverito. (Doc. 76.)

On January 17, 2020, Mark-Viverito filed a motion for summary judgment. (Doc. 120.) On the same day, NYCHA Defendants and Plaintiff Colon also filed motions for summary

3

judgment. (Doc. 122.) On May 26, 2021, I granted Mark-Viverito's motion for summary judgment, finding that the record was "devoid of evidence" that Mark-Viverito participated in the alleged retaliation against Plaintiff. (Doc. 195, "*Colon* Summary Judgment Order.") Plaintiff did not appeal this decision, nor file a motion for reconsideration within 14 days.

### B. *Williams Case*

Four months after Colon initiated this case, Allison Williams ("Williams") filed a complaint against several of the Defendants named here, including Mark-Viverito. (*Williams v. City of New York*, No. 16-cv-8193, Doc. 1.[2]) William alleged that discriminatory comments by Mark-Viverito triggered a hostile work environment by her employer. (*See id.*) On May 24, 2021, I granted summary judgment in favor of the *Williams* defendants. (No. 16-cv-8193, Doc. 107, the "*Williams* Summary Judgment Order.") In the *Williams* Summary Judgment Order, I found that Williams did not raise sufficient facts for a jury to find a hostile work environment. (*Id.*) I further found that without an underlying hostile work environment, there could be no claim against Mark-Viverito or other defendants for aiding and abetting. (*Id.*)

On June 22, 2021, Williams filed a notice of appeal of the *Williams* Summary Judgment Order. (No. 16-cv-8193, Doc. 113.) On February 23, 2023, the Second Circuit vacated and remanded the *Williams* Summary Judgment Order, finding that Williams raised sufficient facts to allow the jury to determine if a hostile work environment existed. *Williams v. New York City Hous. Auth.*, 61 F.4th 55, 61 (2d Cir. 2023) ("*Williams* Appellate Decision").

### C. *Colon Rule 54(b) Motion*

On May 22, 2023, the parties appeared before me for a pretrial conference. During the conference, I ordered the parties to meet and confer to propose a briefing schedule for a motion

---

[2] References made to filings on the docket of *Williams* are preceded by the *Williams* case number.

4

for leave to reinstate a party. (Doc. 254.) On June 20, 2023, Plaintiff filed a motion for entry of judgment under Rule 54(b), arguing that I should revise the *Colon* Summary Judgment Order dismissing Mark-Viverito, (Doc 259), and on June 21, 2023, filed a memorandum of law in support, (Doc. 261). On July 11, 2023, Mark-Viverito filed a memorandum of law in opposition. (Doc. 263.) Plaintiff filed a letter on July 12, 2023, to inform me that she did not intend to submit a reply. (Doc. 264.)

## II. Legal Standard

Rule 54 (b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The rule authorizes a district court to "enter partial final judgment when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (cleaned up).

While "Rule 54(b) allows parties to request district courts to revisit earlier rulings, the moving party must do so within the strictures of the law of the case doctrine," *In re Bisys Sec. Litig.*, 496 F. Supp. 2d 384, 386 (S.D.N.Y. 2007), *aff'd sub nom. Pub. Emps. Ret. Ass'n of New Mexico v. PricewaterhouseCoopers LLP*, 305 F. App'x 742 (2d Cir. 2009) (cleaned up); *see also Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992), and thus "subject to the caveat that where litigants have once battled for the court's decision, they should

neither be required, nor without good reason permitted, to battle for it again." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand*, 322 F.3d 147, 167 (2d Cir. 2003) (cleaned up).  Where claims were dismissed with prejudice, such decision may not be changed "unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* (cleaned up.) Even if any of these factors is present, moreover, it must be weighed against the prejudice that reopening will cause to the dismissed party.  *See Prisco v. A & D Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999).

> The Second Circuit has cautioned that Rule 54(b) motions should be granted,
>
> only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal, for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, or where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims.

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (cleaned up).  Relief under Rule 54(b) should be granted "sparingly." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)).  The determination of whether to enter judgment pursuant to Rule 54(b) is committed to the discretion of the district court.  *Advanced Magnetics, Inc.*, 106 F.3d at 17.

### III. Discussion

Here, Colon argues that I should grant her Rule 54(b) motion to reinstate non-party Mark-Viverito as a Defendant based on the *Williams* Appellate Decision.  (Doc. 260.)  Colon argues that because the Second Circuit found that "a jury could plausibly find that Mark-Viverito and the NYCHA Defendants engaged in a campaign to remove Williams from her position at Mill Brook Houses on account of race" and because the aiding and abetting claims in *Williams*

and *Colon* are similar in "all material respects," I should exercise my discretion to reinstate Mark-Viverito as a party defendant. (Doc. 261 at 15.) I decline to do so.

Despite some factual overlap, *Williams* and *Colon* are different cases, with different plaintiffs, which raise different claims against Mark-Viverito. Williams asserts a claim against Mark-Viverito for aiding and abetting a hostile work environment, (No. 16-cv-8193, Doc. 6), while Colon asserts a claim for aiding and abetting retaliation, (Docs. 1, 142). In the *Colon* Summary Judgment Order, I found that summary judgment was warranted dismissing the aiding and abetting retaliation claim against Mark-Viverito because, among other things, "the record is devoid of evidence demonstrating that she actually participated in the bulk of the alleged conduct giving rise to Plaintiff's retaliation claims against NYCHA." (Doc. 195 at 46–47.) Plaintiff fails to demonstrate that this finding should be revised in light of the *Williams* Appellate Decision.

The Second Circuit's holding that "a jury could plausibly find that Mark-Viverito and the NYCHA Defendants engaged in a campaign to remove Williams from her position at Mill Brook Houses on account of race," (*Williams* Appellate Decision at 75), does not mean that a jury could plausibly find that Mark-Viverito participated in retaliation against Colon for engaging in protected activity. Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material "if it might affect the outcome of the suit under the governing law." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020). In the *Williams* Appellate Decision, the Second Circuit identifies certain questions of fact that relate to Mark-Viverito, including whether she made a comment about wanting a "Spanish manager" and whether that comment was racially motivated. *Williams*, 61 F.4th 55, 70–71. In the *Colon* Summary

Judgment Order, I considered these disputed facts and found that they did not affect the outcome of the suit. (*See* Doc. 195 at 46.)

The unlawful act that supports Plaintiff's retaliation claim was her "retaliatory demotion and constructive discharge." (Doc. 261 at 1; Doc. 1 ¶ 58–59.) An aiding and abetting retaliation claim cannot survive without "evidence in the record to suggest that [defendant was] even indirectly involved in the retaliatory acts." *Springs v. City of New York*, No. 17-CV-451 (AJN), 2019 WL 1429567, at *15 (S.D.N.Y. Mar. 29, 2019). As I found in the *Colon* Summary Judgment Order, there was no evidence that Mark-Viverito "was even aware that Plaintiff resisted and outwardly opposed NYCHA's transfer of Williams," and there was no evidence suggesting that Mark-Viverito participated in any way in a decision to take adverse employment actions against Plaintiff for refusing to transfer Williams. (Doc. 195 at 46.) The *Williams* Appellate Decision does not speak to Mark-Viverito's involvement in Williams's constructive termination. Accordingly, Plaintiff has failed to establish that "there has been an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice." *DuBois v. City of White Plains*, No. 16-CV-7771 (NSR), 2023 WL 3304678, at *2 (S.D.N.Y. May 8, 2023) (internal quotation marks omitted).

## IV.     **Conclusion**

For the reasons stated above, Plaintiff's motion to reinstate Mark-Viverito is DENIED.

The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. 259.

SO ORDERED.

Dated:  September 26, 2023
        New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge