```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SIBYL COLON,                                               :
                                                           :
                                Plaintiff,                 :
                                                           :         16-CV-4540 (VSB)
                - against -                                :
                                                           :         **OPINION & ORDER**
                                                           :
NEW YORK CITY HOUSING AUTHORITY,                           :
BRIAN CLARKE, and MICHAEL KELLY,                           :
                                                           :
                                Defendants.                :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Eric John Dinnocenzo
Law Office of Eric Dinnocenzo
469 7th Avenue, Suite 1215
New York, NY 10155
*Counsel for Plaintiff*

Greg Anthony Riolo
Joseph Anthony Saccomano, Jr.
Rebecca Marie McCloskey
Jackson Lewis LLP
White Plains, New York

Sean-Patrick Wilson
Donna Marie Murphy
New York City Housing Authority
New York, New York
*Counsel for Defendants NYCHA, Michael Kelly, and Brian Clarke*

VERNON S. BRODERICK, United States District Judge:

  Trial is scheduled to begin in this case on March 4, 2024. Before me is Plaintiff Sibyl Colon's ("Plaintiff") motion for leave to serve a late expert disclosure and for a ruling permitting the expert to testify at trial. (Doc. 329.) Because Plaintiff's expert disclosure on the eve of trial is untimely and would cause undue prejudice to Defendants, Plaintiff's motion for leave to serve

late expert disclosure is DENIED.

## I.     Background and Procedural History[1]

Plaintiff initiated this action almost eight years ago, on June 17, 2016, (Doc. 1), and expert discovery closed almost five years ago, on May 1, 2019, (Doc. 59), with neither party disclosing an intent to utilize an expert. After the trial scheduled to begin on October 17, 2023 was adjourned, Plaintiff's prior attorney withdrew as counsel, and Eric Dinnocenzo ("Plaintiff's counsel") entered his appearance for Plaintiff on November 1, 2023. (Doc. No. 302.) The next day, Plaintiff's counsel informed counsel for Defendants on a Zoom call that he intended to retain an expert economist to testify at trial. (Doc. 331, "Dinnocenzo Decl.," ¶ 2.) Counsel for Defendants stated that they would object to any expert disclosure as untimely. (*Id.*)

Thereafter, Plaintiff's counsel represented in letters filed on November 8, 2023, (Doc. 308), November 16, 2023, (Doc. 310), December 21, 2023, (Doc. 319),[2] and orally during the December 20, 2023 status conference that Plaintiff was prepared to procced to trial on March 4, 2023. However, at no point did Plaintiff seek leave to file an untimely expert disclosure or indicate to me her intention to do so. On January 5, 2024, I issued an order setting March 4, 2024 as the trial start date. (Doc. 322.) Four days later, and 55 days before trial was to commence, Plaintiff's counsel sent the expert report of economist Gary Crakes, Ph.D. to counsel for Defendants. (Dinnocenzo Decl.," ¶ 7; Doc. 331-1.)

On January 12, 2024, Defendants filed a letter requesting (1) a pre-motion conference to discuss the untimely expert disclosure and (2) a briefing schedule for their motion to preclude

---

[1] I assume familiarity with the factual and procedural background of this action. As relevant to the instant motion, the parties essentially agree as to the facts in this section of the Opinion & Order.

[2] In Plaintiff's December 21, 2023 letter, Plaintiff represented that Plaintiff was ready to proceed to trial on February 5, 2024, March 4, 2024, and any date after February 5, 2024, and before July 8, 2024. (Doc. 319.)

Plaintiff's use of the expert report and testimony at trial.  (Doc. 323.)  Plaintiff filed her responsive letter on January 16, 2024.  (Doc. 324.)  I ordered the parties to propose a briefing schedule for the instant motion, (Doc. 325), which the parties filed jointly on January 22, 2024, (Doc. 326), and which I so ordered the next day.  (Doc. 327.)

Plaintiff filed the instant motion, accompanying memorandum of law, declaration, and exhibits on January 26, 2024.  (Docs. 329–331.)  Defendants filed their opposition on February 2, 2024, (Doc. 336), and Plaintiff filed her reply on February 6, 2024, (Doc. 339.)

## II.   Legal Standard

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires that "[a]bsent a stipulation or a court order" expert disclosures be made "at least 90 days before the date set for trial . . ." Fed. R. Civ. P. 26(a)(2)(D).  Pursuant to Rule 16, a court may modify the timing of disclosure under Rule 26(a)(2) and issue a scheduling order determining when an expert disclosure is required.  *See* Fed. R. Civ. P. 16(b)(1) & 16(3)(B)(i).

Rule 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Failure to comply with Rule 37(c)(1) is considered harmless if "there is no prejudice to the party entitled to the disclosure."  *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (internal quotation marks and citations omitted).  "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance."  *Badolato v. Long Island R.R. Co.*, No. 14-CV-1528, 2016 WL 6236311, at *5 (E.D.N.Y. Oct. 25, 2016)

(quoting *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012)).

"The party that violates Rule 26 bears the burden of showing that its violation was either substantially justified or harmless." *Avillan v. Donahoe*, 13-CV-509, 2015 WL 728169, at \*7 (S.D.N.Y. Feb. 19, 2015) (internal quotation marks and citations omitted).  Even if the nondisclosure is not substantially justified or harmless under Rule 37, a trial court has discretion to decide whether to allow the evidence.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297–98 (2d Cir. 2006).  Although district courts have "wide discretion in punishing failure to conform to the rules of discovery," preclusion is an "extreme sanction." *Outley v. City of N.Y.*, 837 F.2d 587, 590 (2d Cir. 1988).  Thus, courts "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Id.* at 591.

Courts considering whether to preclude expert testimony not timely disclosed must consider the following four factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).  Since "Rule 37(c)(1) by its terms does not require a showing of bad faith" such a showing is not required.  *Design Strategy*, 469 F.3d at 296.

### III.   Discussion

Plaintiff concedes that her expert disclosure is untimely and violates Rule 26.  (Doc. 330 at 5.)  Expert disclosure under the Revised Case Management Plan and Scheduling Order should have been made on or before May 1, 2019.  (Doc. 59.)  As such, to determine whether the expert should be precluded from testifying at trial, I consider the four factors articulated by the Second

4

Circuit in *Softel*. 118 F.3d at 961. Even assuming that Dr. Crakes's testimony is important, all other factors weigh in favor of preclusion. Thus, Plaintiff's motion is denied and Dr. Crakes will not be permitted to testify at trial.

With regard to the first factor, Plaintiff's counsel attributes the delay to his disagreement with prior counsel's decision not to retain an expert, (*see* Dinnocenzo Decl. ¶ 3); however, such a disagreement is not a sufficient explanation to justify the delayed disclosure. *See Vioni v. Providence Inv. Mgmt., LLC*, No. 08-CV-2950 (PAC), 2017 WL 881841, at *4 (S.D.N.Y. Mar. 6, 2017) (precluding untimely disclosed expert testimony because prior counsel's initial decision not to produce an expert report was strategic, and because permitting the testimony would send a "perverse signal to litigants that all it takes to cure a total failure to comply with discovery obligations is to fire old counsel and hire new counsel"); *Solid 21, Inc. v. Richemont N. Am., Inc.*, No. 19-CV-1262 (AS), 2023 WL 6059822, at *1 (S.D.N.Y. Sept. 18, 2023) (after informing Plaintiff upon prior counsel's withdrawal that difference in strategy by new counsel would not be a sufficiently compelling reason to reopen discovery, the court precluded Plaintiff's supplemental expert testimony disclosed four months after new counsel appeared and two years after discovery closed). Although Plaintiff relies on this strategic difference to explain why the disclosure was not made in accordance with my scheduling order, (*see* Doc. 59), this does not excuse Plaintiff's counsel's failure to promptly seek leave to file the untimely disclosure, or his failure to otherwise inform me of his intent to do so. Plaintiff's counsel had every opportunity to raise the issue since appearing on November 1, 2023, but he instead opted to push for a trial date as soon as possible. Indeed, after I initially ordered trial to begin on July 8, 2024, (Doc. 309), Plaintiff requested that I swap Plaintiff's trial date with another case that was scheduled to begin on April 29, 2024, (Doc. 310.) Thus, I do not find Plaintiff's explanation for the delay

5

compelling or persuasive.

As to the second factor, Plaintiff argues both that the testimony is critical and yet that there is "nothing new" because the expert is just going to "crunch the numbers that the parties already have knowledge of by applying growth and discount rates." (Doc. 330 at 3.) These arguments are not persuasive as they are inconsistent, and, in any event, I agree with Defendants that Plaintiff cannot have it both ways. If the testimony is as important as Plaintiff represents, Defendants argue they should be permitted to engage in expert discovery and to retain their own expert, but that the disclosure on the eve of trial prejudices them by requiring them to divert their resources from trial preparation. Specifically, Defendants argue that if Plaintiff's expert is permitted to testify that trial be adjourned for 35 days to allow sufficient time for Defendants to take expert discovery, including taking the deposition of Plaintiff's expert, retaining their own expert to prepare a rebuttal report, and the filing of a motion to preclude Plaintiff's expert based upon his deposition testimony. (*See* Doc. 336 at 8.) I agree with Defendants that, even if I were to grant an adjournment, permitting the expert disclosure would negatively impact their trial preparations.

Taking the third and fourth factors together, the prejudice to Defendants if I were to permit Plaintiff's late disclosure at this stage would be substantial. Plaintiff argues that Defendants are not burdened by the late disclosure because it is "easy" for Defendants to retain their own economist, because the calculations "are not very controversial," and because Plaintiff has offered to pay the fee and make her expert available for a pre-trial deposition. (Doc. 330 at 6.) Although Plaintiff cites caselaw that an opposing party's ability to take the untimely disclosed expert's deposition prior to trial cures any prejudice, these cases are plainly distinguishable. (Doc. 330 at 7–8 (citing *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No.

6

01-CV-11295, 2003 WL 22471909 (S.D.N.Y. Oct. 31, 2003); *Capricorn Mgmt. Sys. v. Gov't Employees Ins. Co.*, No. 15-CV-2926, 2019 WL 5694256 (E.D.N.Y. July 22, 2019); *Babcock v. Rezak*, No. 96-CV-0394, 2002 WL 31654995 (W.D.N.Y. Nov. 6, 2002))[3].)  Indeed, the Court in *Capricorn* declined to reopen discovery and deemed preclusion appropriate.  *Capricorn Mgmt. Sys.*, 2019 WL 5694256 at *25.  None of the cases Plaintiff cites involved a disclosure that was made this close to trial nearly five years after the close of expert discovery.

Moreover, Plaintiff fails to acknowledge that the incidents that gave rise to this litigation occurred almost nine years ago, that this case has been pending for almost eight years, that discovery has now been closed for almost five years, and that a decision on summary judgment was issued almost three years ago.  Had expert disclosure been made at an appropriate time, Defendants may have decided to alter their approach to some of the fact discovery, considered whether to hire a rebuttal expert earlier, or otherwise been able to conduct timely and appropriate expert discovery and assert challenges to Plaintiff's expert's proposed testimony.  We are now on the eve of trial, and Plaintiff not only requests that I permit the late disclosure and testimony of Dr. Crakes, but that I do so on the current trial schedule.  To do so would be "plainly prejudicial" to Defendants.  *See EMA Fin., LLC v. Joey N.Y.*, Inc., No. 17-cv-9706, 2021 WL 2822565, at *2 (S.D.N.Y. June 9, 2021); *Rella v. Westchester BMW, Inc.*, No. 16-CV-916, 2022 WL 1711695, at *2 (S.D.N.Y. May 27, 2022).  At this late date, any remedy other than preclusion would unduly prejudice Defendants by taking time away from trial preparation.  Thus,

---

[3] In *Cartier*, the late expert disclosure involved a rebuttal expert's report and testimony, *Cartier*, 2003 WL 22471909, at *2, while the Court in *Babcock* focused on the absence of the "requisite bad faith that would justify preclusion of [the expert's] testimony."  *Babcock*, 2002 WL 31654995, at *1.  Although I do not credit Defendants' bad faith allegations, bad faith is not a prerequisite to preclusion.  *See Design Strategy*, 469 F.3d at 296 ("Since Rule 37(c)(1) by its terms does not require a showing of bad faith, we now hold that such a requirement should not be read into the Rule.")

the third and fourth factors weigh heavily in Defendants' favor.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion is DENIED and Plaintiff is precluded from offering the expert report and testimony of Dr. Crakes at trial.  The Clerk of Court is respectfully directed to terminate the motion pending at Document 329.

SO ORDERED.

Dated: February 16, 2024
      New York, New York

Vernon S. Broderick
United States District Judge