UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
SIBYL COLON, :
 :
                             Plaintiff, :
 :   16-CV-4540 (VSB)
         - against -       :
 :   **OPINION & ORDER**
NEW YORK CITY HOUSING AUTHORITY,:
BRIAN CLARKE, and MICHAEL KELLY,  :
 :
                       Defendants. :
 :
-----------------------------------------------------------X

Appearances:

Eric John Dinnocenzo
Law Office of Eric Dinnocenzo
469 7th Avenue, Suite 1215
New York, NY 10155
*Counsel for Plaintiff*

Greg Anthony Riolo
Joseph Anthony Saccomano, Jr.
Rebecca Marie McCloskey
Jackson Lewis LLP
White Plains, New York

Sean-Patrick Wilson
Donna Marie Murphy
New York City Housing Authority
New York, New York
*Counsel for Defendants NYCHA, Michael Kelly, and Brian Clarke*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff Sibyl Colon's ("Plaintiff") motion for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. (Doc. 314.) Because Plaintiff provides no legal basis for me to reconsider my October 5, 2023 Opinion & Order, the

motion is DENIED.

## I. Background and Procedural History

In anticipation of trial, which was initially set to begin on October 17, 2023, the parties filed motions in limine accompanied by memoranda of law and declarations in support. (Docs. 275–282.) As relevant to the instant motion for reconsideration, Plaintiff sought an order taking judicial notice of the percentage of the budget of the New York City Housing Authority ("NYCHA") that is derived from city funds. Defendants sought to exclude: (i) testimony or evidence relating to NYCHA's failure to conduct lead paint inspections, and (ii) testimony or evidence relating to a statement Defendant Brian Clarke ("Clarke") made during his deposition on June 13, 2019, that it was recommended to him by the "Law Department" not to transfer Allison Williams ("Williams"). In an Opinion & Order issued on October 5, 2023 ("Oct. Order"), I denied Plaintiff's request for judicial notice, (Oct. Order 7), and granted Defendants' motion to exclude both above-referenced categories of evidence, (*id*. at 13, 14).

On the Sunday before trial, October 15, 2023, defense counsel notified me and Plaintiff's counsel that she tested positive for COVID and requested that trial be adjourned. (Doc. 297.) I granted the adjournment and directed the parties to appear for a telephonic conference on October 18, 2023 to discuss potential new trial dates. (Doc. 298.) At that conference, Plaintiff's former counsel Marcel Florestal ("Florestal") informed me that Plaintiff intended to file a motion for reconsideration of my October 5, 2023 Opinion & Order. I asked counsel what the basis for the motion for reconsideration would be and counsel responded that Plaintiff intended to seek reconsideration of my decision not to take judicial notice of the NYCHA funding statistic. Following that conference, I issued an order directing the parties to file a joint letter on or before October 24, 2023 addressing certain questions and setting forth a proposed briefing schedule for

Plaintiff's motion for reconsideration. (Doc. 299.)

On October 23, 2023, the day before the parties' joint letter was due, Plaintiff informed me that she had terminated Mr. Florestal as her attorney. (Doc. 300.) Mr. Florestal subsequently filed a motion to withdraw as counsel on November 1, 2023, (Doc. 303), and Plaintiff's current counsel filed a notice of appearance on the same day, (Doc. 302.) On November 6, 2023, (Doc. 306), I directed the parties to provide me with the information I requested in my October 24, 2023 order on or before November 17, 2023. (Doc. 306.) On November 8, 2023, the parties provided me with a proposed briefing schedule for Plaintiff's motion for reconsideration, (Doc. 308), which I approved, (Doc. 309). In accordance with that briefing schedule, Plaintiff filed her motion and accompanying declaration and memorandum of law on November 22, 2023. (Docs. 314–316.) Defendants filed their opposition on December 6, 2023. (Doc. 317). Plaintiff filed her reply on December 13, 2023. (Doc. 318.)

## II.   Legal Standard

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Local Civil Rule 6.3 allows reconsideration or reargument of a court's order in certain limited circumstances,[1] and mandates that a motion for reconsideration shall be served within fourteen days after the entry of the Court's determination of the original motion. *See Elgalad v. N.Y.C. Dep't of Educ.*, No. 17-CV-4849 (VSB), 2019 WL 4805669, at *3 (S.D.N.Y. Sept. 30, 2019). Courts "in this Circuit routinely deny untimely motions for reconsideration without considering their merits." *Id.* at *8 (quoting *Beckles v. City of New York*, No. 08-CV-3687 (RJH)(JCF), 2010 WL 1841714, at *4 (S.D.N.Y. May 10, 2010)).

Under Rule 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Although the failure to comply with a timeliness requirement ordinarily bars a motion for reconsideration, Courts may, however, grant extensions. *See* Fed. R. Civ. P. 6(b) ("When an act . . . must be done within a specified

---

[1] Local Rule 6.3 provides that "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."

time, the court may, for good cause, extend the time. . . .").

### III. Discussion

#### A. *Judicial Notice of the NYCHA Funding Statistic*

Plaintiff does not even attempt to argue that there was an "intervening change of controlling law" or the "availability of new evidence," so her motion must be denied unless she can make a showing of "clear error" or that reconsideration will "prevent manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Although Plaintiff fails to mention, let alone address, the heavy burden and "strict" legal standard a motion for reconsideration requires, *Shrader*, 70 F.3d at 257, the thrust of her argument is that I committed error by distinguishing her case from *Williams* and declining to take judicial notice of the NYCHA funding statistic. *See Williams v. New York City Hous. Auth.*, 61 F.4th 55, 61 & n.2 (2d Cir. 2023). A motion for reconsideration is not an opportunity for Plaintiff to take a "second bite at the apple," *Analytical Survs.*, 684 F.3d at 52, or to "relitigate an issue already decided," *Shrader*, 70 F.3d at 257, yet that is precisely what Plaintiff seeks to do. Each of Plaintiff's arguments remain rooted in the same flawed reasoning advanced in her original motion in limine: that the amount of funding NYCHA received from the City of New York is relevant to demonstrate the influence that Melissa Mark-Viverito as City Council Speaker had with NYCHA, and thus relevant to her retaliation claim. (Doc. 316 at 3.) Fundamentally, Plaintiff argues that my decision is "incongruous" with the Second Circuit's *Williams* decision. (*Id*. at 4.) I disagree. I previously considered the significance of the Second Circuit's decision to take judicial notice of the NYCHA funding statistic, and my October Order explicitly rejected the very same argument Plaintiff again asserts in her motion for reconsideration. Plaintiff's retaliation claims depend on whether or not she had a good faith belief that NYCHA's directive to transfer Williams was

racially discriminatory. (Oct. Order 6.) In contrast, Plaintiff Allison Williams alleges hostile work environment claims, which require her to prove that she was subjected to harassment that was severe or pervasive. I previously rejected Plaintiff's argument that the Second Circuit's decision to take judicial notice of the NYCHA funding statistic mandated that I do so here. The significance of the statistic, and therefore whether to take judicial notice, is necessarily different in *Williams*. As acknowledged—and indeed advanced—by Plaintiff, the purported relevance of the NYCHA funding statistic is relevant to demonstrate NYCHA's desire to appease Mark-Viverito. The impact of this alleged financial pressure on NYCHA's state of mind, although potentially relevant in *Williams*, is not an inference that is "relevant to, or necessary for Plaintiff to establish, her claims of retaliation." (*Id*. at 6.) Plaintiff fails to raise any new law or facts that undermine my finding that the fact that the Second Circuit "made an inference based on this statistic in a different case with different causes of action that contain different elements does not mean that it is relevant to this case." (*Id*. at 5.) Other than retreating to the same arguments I previously rejected, Plaintiff has failed to advance any compelling argument as to why my decision distinguishing the two cases constitutes "clear error" or must be reconsidered to "prevent manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Where the motion "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Silverman v. Miranda*, No. 06-Civ-13222 (ER), 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (cleaned up).

      Plaintiff also asserts I did not properly consider the relevance of the funding statistic in reaching my finding that the statistic was not probative of any material issue because I "improperly extrapolated" Plaintiff's burden at the prima facie stage to the total evidence Plaintiff may show the jury at trial. (Doc. 316 at 6–7.) In so arguing, Plaintiff seems to suggest

that the funding statistic is relevant because it is somehow probative of why NYCHA allegedly retaliated against her when she opposed the transfer. This argument evinces a fundamental misunderstanding of my analysis. The dispositive issue for Plaintiff's retaliation claim is whether she believed in good faith that the directive to transfer Williams was discriminatory and what action she took in response. NYCHA's state of mind is equally irrelevant for this proffered purpose, as it does not make this fact more or less likely. Plaintiff does not direct me to any "controlling decisions or data that [I] overlooked," *Analytical Surveys, Inc.*, 684 F.3d at 52 (internal quotation marks omitted), that would cause me to reconsider my decision that NYCHA's state of mind is not relevant to her retaliation claims.

### B. *NYCHA's Lead Paint Inspections and Brian Clarke's Deposition Testimony Regarding the Law Department's Decision Not to Transfer Williams*

Plaintiff requests that I reconsider my decision precluding cross-examination into NYCHA's lead paint inspections and precluding any reference to Clarke's deposition testimony reflecting a communication between Clarke and the Law Department. As an initial matter, although I granted Plaintiff leave to file a motion for reconsideration related to the NYCHA funding statistic, Plaintiff neither requested, nor did I grant, an extension of Plaintiff's deadline to seek reconsideration of any other finding.

Plaintiff's motion was filed on November 22, 2023, forty-eight days after my October 5, 2023 Opinion & Order was docketed, rather than within the fourteen days required by Local Civil Rule 6.3, or the twenty-eight days required by Rule 59(e). At the conference on October 18, 2023, one day before the 14-day deadline under Rule 6.3, Plaintiff's former counsel sought leave to file a motion for reconsideration on my decision not to take judicial notice of the NYCHA funding statistic.[2] The same day, and based on counsel's representation, I granted

---

[2] At the October 18, 2023 hearing, I asked Plaintiff's former counsel which rulings he intended to ask me to

7

Plaintiff leave to file her motion and directed the parties to set forth a proposed briefing schedule. (Doc. 299.)

Although Plaintiff's current counsel appeared on November 1, 2023, and indeed filed the parties' joint letter proposing the briefing schedule I requested, (Doc. 308), counsel failed to seek additional leave to move for reconsideration on any basis other than what was represented at the October 18, 2023 hearing. As a result, it would be well within my discretion to deny the portions of Plaintiff's motion concerning the NYCHA's lead paint inspections and the City Law Department's recommendation as untimely. It would also be within my discretion to grant a retroactive extension of the deadline to file for reconsideration of these findings to be coextensive with the parties' proposed briefing schedule. *See United States v. Am. Soc'y of Composers, Authors & Publishers*, 323 F. Supp. 2d 588, 590 n.1 (S.D.N.Y. 2004) (citing *Lichtenberg v. Besicorp Group, Inc.,* 204 F.3d 397, 403–04 (2d Cir. 2000)). Plaintiff acknowledges neither the timeliness or appropriateness of the additional arguments raised, nor makes any showing that would justify such an extension. Even if the motion was timely as to these two rulings, however, for the reasons set forth below, I would deny it on the merits.

1. **Lead Paint Inspections**

Plaintiff argues that I committed clear error in precluding cross-examination of the NYCHA witnesses regarding NYCHA's alleged failure to conduct lead paint inspections. (Doc. 314 at 10.) Plaintiff previously argued that such evidence was relevant to the credibility and the character for truthfulness of the NYCHA officials. (Doc. 284 at 12.) In my October Order, I

---

reconsider, to which he responded, "[w]ell, there may be more than one. But at this time, it's with respect to the request for judicial notice on the NYCHA funding, 7 percent NYCHA[.]" I directed Plaintiff's former counsel to inform Defendants' counsel which additional rulings he intended to ask me to reconsider. (Oct. 18, 2023 Oral Arg. Tr. 9–10.) No evidence has been put before me that Plaintiff's counsel informed the defense of which additional rulings he would ask me to reconsider.

concluded that whether or not Defendants were involved in false certification of lead paint inspections bears no relevance to Plaintiff's claims and would be unfairly prejudicial to Defendants. (Oct. Order 14). In the instant motion, Plaintiff rehashes the same argument she made concerning relevance that I already found unavailing. A motion for reconsideration is not an invitation to "reargue those issues already considered when a party does not like the way the original motion was resolved." *Lehmuller v. Inc. Vill. of Sag Harbor*, 982 F. Supp. 132, 135 (E.D.N.Y. 1997) (citing *Walsh v. McGee*, 918 F. Supp. 107, 110 (S.D.N.Y. 1996)). Nor is mere disagreement with my interpretation and analysis of the facts pled an appropriate ground for reconsideration. *See Mina Inv. Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 251 (S.D.N.Y. 1999). Although Plaintiff cites additional case law not previously cited, it is within my discretion to consider both the controlling and non-controlling precedent cited, including whether it commands a different result. The law is clear that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. Here, none of the caselaw cited by Plaintiff disturbs my conclusion or demonstrates that such conclusion was in "clear error" or wrought "manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

### 2. The Recommendation by NYCHA's Legal Department

Plaintiff also seeks reconsideration of the exclusion of evidence of Brian Clarke's deposition testimony reflecting a communication between Clarke and the Law Department. Defendants moved in limine to preclude this evidence, arguing that it was not probative, highly prejudicial, privileged, and hearsay. (Doc. 276 at 2.) Plaintiff argued that inquiry into the testimony was admissible as it constitutes a relevant, probative, not unfairly prejudicial, non-

9

privileged, and non-hearsay statement. (Doc. 284 at 4–10.) During his deposition, Clarke testified that "[transfer of Ms. Williams] didn't occur because it was recommended to [him] not to transfer at this time." (Doc. 284 at 3.) In response, Clarke was asked "[w]hen you say 'it', who's it? Is it a person?" to which Clarke responded, 'Law Department.'" (*Id.*) When Clark was asked who he spoke with, defense counsel objected and instructed "the witness not to answer . . . because the disclosure of the information calls for attorney-client privilege information." (*Id.*) In my October Order, I excluded this evidence, finding that Clarke's testimony did not constitute a limited waiver of the attorney-client privilege, and that even if it did, because it was of limited probative value and highly prejudicial, it was therefore inadmissible. (Oct. Order 11–12.)

Despite my finding, Plaintiff now argues that a waiver has occurred "due to the defendants' lack of diligence in correcting the disclosure," (Doc. 284 at 7), which is no different from Plaintiff's previous argument that defendants waived any privilege by "fail[ing] to take reasonable steps to protect the response," (Doc. 314 at 13). Thus, although Plaintiff cites additional cases, she does not cite any intervening cases, or any cases that alter the outcome of my previous decision. *See Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Instead, her motion is simply a reframing of the same arguments I already considered and denied.

Plaintiff's relevance argument is similarly unavailing. My October Order stated plainly that even if Clarke's statement constituted a limited waiver, which it does not, it lacked any probative value because none of Plaintiff's claims require that she prove that the underlying employment practice she claims to have opposed was in fact unlawful. (Oct. Order 12.) The October Order also made clear that allowing the statement to come in would require Defendants to waive privilege to explain the complete context behind the statement, resulting in a trial within

10

a trial of an irrelevant issue.  (*Id*.)  Plaintiff's insistence that my previous finding was error relates to the same flawed proposition:  that this evidence is not only relevant, but essential to her ability to prove that "the underlying employment practice being complained of was unlawful."  (Doc. 314 at 15.)  Here, again, Plaintiff misstates the Title VII standard, and I find no basis to reconsider my finding that this evidence is irrelevant to Plaintiff's claims.  Further, Plaintiff's argument that the "mere fact" of the Law Department's advice against transfer indicates that the transfer was made for an improper purpose because there is no other "credible reason" is exactly the type of rank speculation that would create a side-show of irrelevant issues at trial.  (*Id*. at 16–17.)  In short, I considered and rejected on the merits each of these arguments, and Plaintiff's reconsideration motion offers no "intervening change in controlling law," "availability of new evidence," or "clear error" resulting in a "manifest injustice."  *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to terminate the motion pending at Document 314.

SO ORDERED.

Dated: February 21, 2024
       New York, New York

_____
Vernon S. Broderick
United States District Judge

11